# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TOM DUNNE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RESOURCE CONVERTING, LLC, | ) | |
| | ) | |
| Serve: Registered Agent: | ) | |
| Thomas J. Houser | ) | Case No. |
| c/o David Brown Law Firm | ) | |
| 4201 Westown Pkwy., Ste. 300 | ) | |
| West Des Moines, IA  50266 | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| TIM DANLEY, | ) | |
| | ) | |
| Serve:  1425 Shady Hollow Ct. | ) | |
| Keller, TX 76248-0260 | ) | |
| | ) | |
| RICK KERSEY, | ) | |
| | ) | |
| Serve: 255 S. 41st St, Apt. Unit 154 | ) | |
| West Des Moines, IA 50265-5533 | ) | |
| | ) | |
| SEBRIGHT PRODUCTS, INC., | ) | |
| | ) | |
| Serve:  Registered Agent: | ) | |
| Brent Sebright | ) | |
| 127 N. Water St. | ) | |
| Hopkins, MI  49328 | ) | |
| | ) | |
| GARY BRINKMANN, | ) | |
| | ) | |
| Serve:  460 Cypress Ct. | ) | |
| Robins, IA  52328-9532 | ) | |
| | ) | |
| NEWWAY GLOBAL ENERGY LLC, | ) | |
| | ) | |
| Serve:  Registered Agent: | ) | |
| Wolf Creek Holdings LLC | ) | |
| 322 N Watertown St. | ) | |
| Johnson Creek, WI  53038 | ) | |
| | ) | |

26118582v1

| | |
|---|---|
| DAVID WOLF, | ) |
| | ) |
| Serve:  N6248 Christberg Rd. | ) |
|        Johnson Creek, WI  53038-9780 | ) |
| | ) |
| JERRY FLICKINGER, | ) |
| | ) |
| Serve:  3836 Terrace Hill Dr. NE | ) |
|        Cedar Rapids, IA 52402-2856 | ) |
| | ) |
| and | ) |
| | ) |
| JWR, INC., | ) |
| | ) |
| Serve:  Registered Agent: | ) |
|        David J. Wolf, Registered Agent | ) |
|        322 N. Watertown St. | ) |
|        Johnson Creek, WI  53038 | ) |
| | ) |
|        Defendants. | ) |

## COMPLAINT

Tom Dunne, Jr. ("Plaintiff"), for his Complaint against Defendants Resource Converting, LLC, Tim Danley, Rick Kersey, Sebright Products, Inc., Gary Brinkmann, NewWay Global Energy LLC, David Wolf, Jerry Flickinger, and JWR, Inc. (collectively "Defendants"), states:

## THE PARTIES

1.  Plaintiff Tom Dunne, Jr. is a Missouri resident whose home address is 789 Cypress Knoll Drive, O'Fallon, Missouri 63368, in the County of St. Charles, State of Missouri.

2.  Defendant Resource Converting, LLC ("Resource") is a limited liability company with a principal place of business located at 6140 North Hollywood Blvd, Suite 105, Las Vegas, Nevada 89115.

3.  None of Resource's members are citizens of the State of Missouri.

4. Defendant Tim Danley ("Danley") is a citizen of Texas, and Defendant Rick Kersey ("Kersey") is a citizen of Iowa. At all times relevant to this cause of action, Danley was the Vice-President of Business Development of Resource, Kersey was the Chief Executive Officer of Resource and both Kersey and Danley were corporate representatives of NewWay Global Energy LLC.

5. Defendant Sebright Products, Inc. ("Sebright") is a corporation with a principal place of business located at 127 North Water Street, Hopkins, Michigan.

6. Defendant Gary Brinkmann ("Brinkmann") is a citizen of Iowa. At all times relevant to this cause of action, Brinkmann was the Director-Multinational Sales of Sebright.

7. Defendant NewWay Global Energy LLC ("NewWay") is a limited liability company with a principal place of business located at 322 North Watertown Street, Johnson Creek, Wisconsin 53038.

8. None of NewWay's members are citizens of the State of Missouri.

9. Defendants David Wolf ("Wolf") is a citizen of Wisconsin, and Defendant Jerry Flickinger ("Flickinger") is a citizen of Iowa. At all times relevant to this cause of action, Wolf was a corporate representative of NewWay, and Flickinger was the corporate representative of NewWay.

10. Defendant JWR, Inc. is a corporation with a principal place of business also located at 322 North Watertown Street, Johnson Creek, Wisconsin 53038.

11. At all times relevant to this cause of action, Wolf was the Chief Executive Officer of JWR and Flickinger was a corporate representative of JWR.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy for Plaintiff's damages exceeds $75,000.00.

13. This Court has personal jurisdiction over Defendants under Missouri's Long-Arm Statute, § 506.500, RSMo 2010, as this action arises out of Defendants' transaction of business in the state of Missouri, namely, this action arises out of fraudulent representations by all Defendants related to the advertisement and sale of a license to sell a product in the St. Louis, Missouri area to Plaintiff.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to Plaintiffs' claims took place in this judicial district.

## DEMAND FOR JURY TRIAL

15. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. 7.; Fed. R. Civ. P. 38.

## FACTS COMMON TO ALL COUNTS

16. On or about May 20, 2015, Brinkmann, individually and/or on behalf of Sebright, JWR, NewWay and Resource, solicited Plaintiff with the objective of selling Plaintiff certain products described herein, and ultimately with the purpose of selling Plaintiff certain license agreements ("License Agreements"), to service an area with a radius of one hundred miles (100) from St. Louis, authorizing and obligating Plaintiff to acquire for resale certain Resource PAD systems which purportedly converted municipal solid waste to biomass and ultimately to renewable fuels ("PAD Systems").

26118582v1

17. According to Brinkmann, NewWay is a company solely created to be the holding company that sells the PAD Systems which were developed by JWR, Sebright, and Resource. Brinkmann has identified the entities as "partner companies".

18. In furtherance of advertising said PAD Systems and License Agreements, Brinkmann, purportedly on behalf of Resource and as an employee of Sebright, forwarded a brochure, attached hereto as **Exhibit A**, entitled "Waste Conversion Systems with Proven Capabilities" authored by JWR, Sebright, Resource and NewWay and the individual defendants named herein.

19. All named Defendants, through the brochure, advertised the PAD Systems by stating it was a "system using proven and tested technology to create a homogenous dried fuel stock that can be converted into different forms of energy..."

20. In furtherance of the advertisement of the PAD Systems and License Agreements, Flickinger, identified as an employee or agent of JWR and NewWay, provided what he identified as a "budgetary quote for a single line processing system to take municipal solid waste and prepare it for conversion to fuel" and stating the PAD Systems "mate[s] together existing PROVEN technologies into a comprehensive turnkey system capable of processing 250 tons per day…"

21. Defendants further represented that these capacities and capabilities would be achieved without using thermal systems to dry the feedstock materials. Resource, Seabright, JWR, NewWay, Brinkmann, and Flickinger continued to advertise the PAD Systems to Plaintiff with repeated assurances of the proven function of the PAD Systems and touting the substantial value of the License Agreements.

22. Further, Brinkmann, Flickinger, Danley and Kersey, individually and/or on behalf of JWR, Sebright, Resource and NewWay, solicited payment from Plaintiff for the PAD Systems and License Agreements, employing high pressure sales pitches.  Among other things, Defendants represented that other parties were interested in securing the St. Louis area Licenses, that Plaintiff needed to execute the License Agreements and pay the $400,000, and that Plaintiff was at risk of losing the Licenses if he did not do so immediately.

23. As a result of the assurances and representations made by Defendants related to the PAD Systems and License Agreements, Plaintiff entered into the License Agreements with Resource and submitted an initial payment of $400,000.00. Copies of the License Agreements are attached hereto as **Exhibit B**.

24. The License Agreements provided for an additional payment of $600,000.00 in November of 2015.

25. However, from August 2015 to November 2015 Plaintiff insisted upon seeing a functioning, operational PAD System, and a demonstration ("Demonstration") proving it would successfully attain the production levels promised by Defendants.  On several occasions throughout this time, Defendants assured Plaintiff that they would provide the proving Demonstration to Plaintiff.

26. However, at that time Brinkmann, Kersey and Flickinger took Plaintiff into a barn and presented a partially-assembled piece of non-functioning equipment.  When Plaintiff asked why the equipment was not operational, Defendants then represented to Plaintiff that the PAD System had previously been functioning and in

operation, was being prepared for relocation and that they hadn't had sufficient time to fully assemble it for Plaintiff's inspection.

27. Defendants continually failed and/or refused to provide the Demonstration to Plaintiff. In light of Defendants' unwillingness to produce and demonstrate an operational, successful PAD System, Plaintiff later became suspicious of whether the PAD Systems with the promised capabilities ever existed and/or ever successfully operated.

28. On November 30, 2015, Defendants Kersey, Danley, Brinkmann, Flickinger, Wolf, JWR, Sebright, NewWay, and Resource all traveled to St. Louis, Missouri to meet with Plaintiff and others regarding the failure of Defendants to provide the Demonstration or other evidence that the PAD System existed and performed as promised. Plaintiff offered to pay the remaining $600,000, provided for in the License Agreements, into escrow pending Defendants' live demonstration of an operational RCI PAD System which functioned as previously represented. Defendants Kersey, Danley, Brinkmann, Flickinger, Wolf, JWR, Sebright, NewWay, and Resource, at that time, reiterated their previous false representations regarding the function of the PAD Systems.

29. Defendants refused to provide the Demonstration or any other evidence that the PAD Systems worked as represented, and on December 1, 2015 Defendants demanded full payment of the additional $600,000 from Plaintiff. Defendants had previously instructed Plaintiff to submit licensing payments to NewWay, whom Defendants then represented as the "authorized distributor" of Resource. However, in its December 1, 2015 correspondence, Defendants demanded that Plaintiff wire the $600,000 payment to Resource.

30. In early June 2016, Brinkmann ultimately admitted to Plaintiff that the PAD Systems described by the Defendants never existed as they were represented and/or never functioned as promised. In fact, Brinkmann indicated he just recently witnessed Kersey and Danley trying to sell the same PAD Systems at the Waste Expo in Las Vegas, Nevada, representing the PAD System as an entirely different brand and newly advertised system now termed "Dryclone", further representing the system as patented, trademarked, and "proven" in the same performance capabilities they had previously, falsely represented to Plaintiff.

## COUNT I - FRAUDULENT MISREPRESENTATION/CONCEALMENT
## AGAINST ALL DEFENDANTS

31. Plaintiff incorporates Paragraphs 1 through 30 of this Complaint as if more fully stated herein.

32. Defendants, by themselves or through their agents, made false material representations regarding existence and/or function of the PAD Systems. The Defendants all had direct knowledge that the PAD Systems did not function as promised and/or did not even exist.

33. Defendants intended their material representations to be relied upon by Plaintiff entering into the License Agreements and submitting payment pursuant to same.

34. At the time he entered the License Agreements and submitted payment thereunder, Plaintiff had no knowledge Defendants' representations were false and relied on the false representations when entered into the License Agreement and submitting payment.

35. Plaintiff had a right to rely on Defendants' representations as Defendants owed fiduciary duties to Plaintiff under the License Agreements and/or Defendants had superior knowledge of the facts and circumstances surrounding the PAD Systems.

36. Plaintiff has been damaged in excess of $400,000.00 as a direct result of Defendants' fraudulent misrepresentations.

37. Defendants' actions were wanton and illustrate their bad motives or, at minimum, demonstrate a reckless and willful disregard for the rights of Plaintiff and others. Accordingly, an award of punitive damages is warranted.

WHEREFORE, Tom Dunne, Jr. respectfully prays for judgment in his favor and against all Defendants Resource Converting, LLC, Tim Danley, Rick Kersey, Sebright Products, Inc., Gary Brinkmann, NewWay Global Energy LLC, David Wolf, Jerry Flickinger, and JWR, Inc., jointly and severally, on Count I of his Complaint, for his damages incurred in excess of $75,000.00, for an award of punitive damages in a fair and reasonable sum, for an award of his costs and attorneys' fees incurred, and for such other relief as the Court deems just and appropriate.

### COUNT II – FRAUDULENT INDUCEMENT/RESCISSION
### AGAINST ALL DEFENDANTS

38. Plaintiff incorporates Paragraphs 1 through 37 of this Complaint as if more fully stated herein.

39. Defendants, by themselves or through their agents, made false material representations regarding existence and/or function of the PAD Systems.

40. All Defendants had direct actual and personal knowledge that the PAD Systems did not function as represented and/or did not even exist.

26118582v1

41. Defendants intended that their false material representations would induce Plaintiff to enter into the License Agreement and submitting payment pursuant to same.

42. At the time he entered into the License Agreements and submitted payment thereunder, Plaintiff had no knowledge Defendants' material representations were false and relied on the false material representations when he entered into the License Agreements and submitting payment.

43. Plaintiff had a right to rely and did, in fact, rely on the Defendants' representations as Defendants owed fiduciary duties to Plaintiff under the License Agreements, and Defendants had superior knowledge of the facts and circumstances surrounding the PAD Systems.

44. Plaintiff has been damaged in excess of $400,000.00 as a direct result of Defendants' fraudulent material misrepresentations.

45. Defendants' actions were wanton and illustrate their bad motives or, at minimum, demonstrate a reckless and willful disregard for the rights of Plaintiff and others.  Accordingly, punitive damages are warranted.

WHEREFORE, Tom Dunne, Jr. respectfully prays that the Court enter judgment in his favor and against all Defendants Resource Converting, LLC, Tim Danley, Rick Kersey, Sebright Products, Inc., Gary Brinkmann, NewWay Global Energy LLC, David Wolf, Jerry Flickinger, and JWR, Inc., jointly and severally,  on Count II of this Complaint and the Court enter its Order and Judgment 1) rescinding the License Agreements, ordering that the Licenses Agreements are void ab initio, no longer having any force or effect, 2) directing all fees paid by under the License Agreements be returned to Plaintiff, 3) awarding additional damages to place Plaintiff in the position he

enjoyed prior to this transaction, 4) awarding Plaintiff punitive damages, interest, attorneys' fees and expenses, and court costs, and 5) awarding such other and further relief as is just and proper under the circumstances, and so as to place Plaintiff into the position he was prior to the false material misrepresentations and fraudulent inducements described herein.

## COUNT III - UNJUST ENRICHMENT
## AGAINST ALL DEFENDANTS

46. Plaintiff incorporates Paragraphs 1 through 45 of this Complaint as if more fully stated herein.

47. Plaintiff conferred a benefit onto Defendants in the form of payment in the amount of $400,000.

48. Defendants accepted and retained the benefit under inequitable and/or unjust circumstances in that the payment was a result of fraudulent material misrepresentations regarding the consideration given for said payment and a result of an elaborate scam based on non-existing and/or non-functioning equipment.

49. Defendants' actions were wanton and illustrate their bad motives or, at minimum, demonstrate a reckless and willful disregard for the rights of others. Accordingly, punitive damages are warranted.

WHEREFORE, Tom Dunne, Jr. respectfully prays for judgment in his favor and against Defendants Resource Converting, LLC, Tim Danley, Rick Kersey, Sebright Products, Inc., Gary Brinkmann, NewWay Global Energy LLC, David Wolf, Jerry Flickinger, and JWR, Inc., jointly and severally, on Count III of his Complaint, for his damages incurred in excess of $75,000.00, for an award of punitive damages in a fair and

reasonable sum, for an award of his costs and attorneys' fees incurred, and for such other relief as the Court deems just and appropriate.

## COUNT IV – MISSOURI MERCHANDISING PRACTICES ACT ("MMPA") AGAINST ALL DEFENDANTS

50. Plaintiff incorporates Paragraphs 1 through 49 of this Complaint as if more fully stated herein.

51. A plaintiff may bring a private action under the Missouri Merchandising Practices Act when, "any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020…" § 407.025, RSMo.

52. Those acts determined unlawful under § 407.020, RSMo are, in pertinent part:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce…

53. Plaintiff purchased the above-described merchandise under the meaning of the MMPA, directly or indirectly, when he entered into the License Agreements which authorized and obligated him to acquire for resale the PAD Systems to service households in an area with a radius of one hundred miles (100) from St. Louis.

54. Plaintiff entered into the License Agreements individually, for his own personal livelihood and for similar family and household investment purposes.

26118582v1

55. Defendants violated the provisions of the MMPA, by misrepresenting and/or concealing the fact that the PAD System did not exist and/or did not function as represented.

56. Plaintiff has retained counsel to prosecute this claim for violation of the MMPA, and has incurred and will continue to incur, attorneys' fees and other litigation expense to pursue this action.

57. Defendants' actions were intentional and willful and were done with complete indifference and reckless disregard to the rights of Plaintiff and as a result Plaintiff is entitled to recover from Defendants punitive damages in a fair and reasonable sum to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Tom Dunne, Jr. respectfully prays for judgment in his favor and against all Defendants Resource Converting, LLC, Tim Danley, Rick Kersey, Sebright Products, Inc., Gary Brinkmann, NewWay Global Energy LLC, David Wolf, Jerry Flickinger, and JWR, Inc., jointly and severally, on Count IV of his Complaint, for his damages incurred in excess of $75,000.00, for an award of punitive damages in a fair and reasonable sum, for an award of his costs and attorneys' fees incurred, and for such other relief as the Court deems just and appropriate.

## COUNT V - CONSTRUCTIVE TRUST
## ALL DEFENDANTS

58. Plaintiff incorporates Paragraphs 1 through 57 of this Complaint as if more fully stated herein.

59. Plaintiff conferred a benefit onto Defendants in the form of payment in the amount of $400,000.

60. Defendants accepted and retained the benefit under inequitable and/or unjust circumstances in that the payment was a result of fraudulent material misrepresentations regarding the consideration given for said payment and a result of an elaborate scam involving non-existing and/or non-functioning equipment.

61. Defendants' conduct provides the basis for imposing a constructive trust on the PAD Systems to the extent this exists.

62. Upon entry of judgment in favor of Plaintiff in this matter, Plaintiff will have a right to collect that judgment against the PAD Systems.

63. As a result of Defendants' conduct, they retained the payments from Plaintiff and the PAD Systems in circumstances where a holder of legal title may not in good conscience retain a beneficial interest in the PAD Systems.

64. In equity and good conscience, a constructive trust in favor of Plaintiff should be imposed on the PAD Systems.

65. Defendants' actions were wanton and illustrate their bad motives or, at minimum, demonstrate a reckless and willful disregard for the rights of others. Accordingly, an award of punitive damages is warranted.

WHEREFORE, Tom Dunne, Jr. respectfully prays for judgment in his favor and against all Defendants Resource Converting, LLC, Tim Danley, Rick Kersey, Sebright Products, Inc., Gary Brinkmann, NewWay Global Energy LLC, David Wolf, Jerry Flickinger, and JWR, Inc., jointly and severally, on Count V of his Complaint, by imposing a constructive trust in Plaintiff's favor on the $400,000 payment made by Plaintiff and wrongfully withheld by Defendants, and in the event said payment cannot be identified and placed in trust, in full, to impose a constructive trust on the PAD Systems

withheld by Defendants in such amount, for an award of punitive damages in a fair and reasonable sum, for an award of his costs and attorneys' fees incurred, and for such other and further relief as the Court deems just and proper.

## COUNT VI - CIVIL CONSPIRACY
## AGAINST ALL DEFENDANTS

66. Plaintiff incorporates Paragraphs 1 through 65 of this Complaint as if more fully stated herein.

67. Defendants conspired to obtain payment from Plaintiff through fraudulent material misrepresentations regarding the existence and function of the PAD Systems.

68. Defendants did so in concert with one another through joint false material advertisements and reaffirmation of the others' false material representations.

69. Defendants engaged in the conduct described herein after a meeting of the minds regarding their course of action.

70. The Defendants engaged in said unlawful acts as outlined above.

71. Plaintiff has been damaged in excess of $400,000.00 as a direct result of Defendants' conspiracy predicted on their fraudulent material misrepresentations.

72. Defendants' actions were intentional and willful and were done with complete indifference and reckless disregard to the rights of Plaintiff, and, as a result Plaintiff is entitled to recover from Defendant punitive damages in a fair and reasonable sum to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Tom Dunne, Jr. respectfully prays for judgment in his favor and against all Defendants Resource Converting, LLC, Tim Danley, Rick Kersey, Sebright Products, Inc., Gary Brinkmann, NewWay Global Energy LLC, David Wolf, Jerry Flickinger, and JWR, Inc., jointly and severally, on Count VI of his Complaint, for his

damages incurred in excess of $75,000.00, for an award of punitive damages in a fair and reasonable sum, for an award of his costs and attorneys' fees incurred, and for such other relief as the Court deems just and appropriate.

## COUNT VII - PIERCING CORPORATE VEIL
## AGAINST ALL DEFENDANTS

73. Plaintiff incorporates Paragraphs 1 through 72 of this Complaint as if more fully stated herein.

74. Sebright, NewWay, JWR, and Resource ("Companies") are mere instruments of each other and Danley, Kersey, Border, Brinkmann, Wolf, and Flickinger (collectively "Individual Defendants") used the Companies as mere instruments of themselves in that they all function as one cohesive unit for the purpose of fraudulently advertising and selling a product that did not and does not exist in the form it was represented.

75. Furthermore, the Companies merely serve as an interwoven web of legal shams designed to protect the Individual Defendants from liability for the scam they perpetrated on Plaintiff through the fraudulent and/or negligent material representations regarding the PAD System and the Licenses, and used to conceal the fact that the payments made by Plaintiff were ultimately redirected and received by the Individual Defendants named herein.

76. The Companies' finances and/or operations are interwoven in that each of the Companies appear to have been advertising and selling, in one form or another, the products of one another. Additionally, while Resource demanded payment to be made directly to NewWay, that payment ultimately was funneled or redirected to the other Companies and/or the Individual Defendants named herein.

77.     Throughout the aforesaid transactions and occurrences, the Companies have operated as one single entity and the Individual Defendants cross-represented each Company.

78.     It would be inequitable to allow any of the Individual Defendants or Companies to avoid liability as to Plaintiff for any act described herein.  In connection with the misuse, abuse and fraud perpetrated herein, the Individual Defendants merely used the Companies as shell corporations such that they were in fact the alter egos of the Individual Defendants, each of the aforesaid actions can and should be attributable to each Company and each of the Individual Defendants.

79.     Defendants' actions were intentional and willful and were done with complete indifference and reckless disregard to the rights of Plaintiff.  As a result, Plaintiff is entitled to recover from Defendants punitive damages in a fair and reasonable sum to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Tom Dunne, Jr. respectfully prays for judgment in his favor and against all Defendants Resource Converting, LLC, Tim Danley, Rick Kersey, Sebright Products, Inc., Gary Brinkmann, NewWay Global Energy LLC, David Wolf, Jerry Flickinger, and JWR, Inc., jointly and severally,  on Count VII of his Complaint, for his damages incurred in excess of $75,000.00, for an award of punitive damages in a fair and reasonable sum, for an award of his costs and attorneys' fees incurred, and for such other relief as the Court deems just and appropriate.

## COUNT VIII – NEGLIGENT MISREPRESENTATION
## AGAINST ALL DEFENDANTS

80.     Plaintiff incorporates Paragraphs 1 through 30 of this Complaint as if more fully stated herein.

26118582v1

81. Defendants, by themselves or through their agents, provided material representations and advertisements to Plaintiff regarding the existence and/or function of the PAD Systems.

82. Pleading in the alternative to the intentional misrepresentation counts set forth hereinabove, Defendants failed to exercise reasonable care to determine whether the PAD System in fact functioned as Defendants had promised and represented to Plaintiff.

83. Because of Defendants' failure to exercise reasonable care by determining whether the PAD System actually existed and/or functioned as represented, the information and advertisements provided to Plaintiff regarding the PAD System were false.

84. The false information and advertisements were provided by Defendants, by themselves or through their agents, in order to induce Plaintiff into entering into the License Agreements and submitting payment thereunder.

85. Plaintiff had a right to rely on the Defendants' representations and advertisements as Defendants owed fiduciary duties to Plaintiff under the License Agreements and/or Defendants had superior knowledge of the facts and circumstances surrounding the PAD Systems.

86. Plaintiff has been damaged in excess of $400,000.00 as a direct result of Defendants' inaccurate misrepresentations and advertisements.

WHEREFORE, Tom Dunne, Jr. respectfully requests prays for judgment in his favor and against all Defendants Resource Converting, LLC, Tim Danley, Rick Kersey, Sebright Products, Inc., Gary Brinkmann, NewWay Global Energy LLC, David Wolf, Jerry Flickinger, and JWR, Inc., jointly and severally, on Count VIII of his Complaint,

for his damages incurred in excess of $75,000.00, for his costs incurred including attorneys' fees, and for such other relief as the Court deems just and appropriate.

    Respectfully submitted,

**LATHROP & GAGE LLP**

By: */s/ Barry L. Haith*
Barry L. Haith (48972MO)
Alicia M. Kerr (63911MO)
7701 Forsyth Boulevard, Suite 500
Clayton, Missouri  63105
314.613.2800; F: 314.613.2801
BHaith@lathropgage.com
AKerr@lathropgage.com

*Attorneys for Plaintiff*

26118582v1