IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TOM DUNNE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:16-cv-01351-DDN |
| | ) | |
| RESOURCE CONVERTING, LLC, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiff has filed an eight-count Complaint against nine separately named Defendants, each count stemming from his alleged purchase of License Agreements for Resource PAD Systems used to convert municipal solid waste to renewable fuels.  For each count, Plaintiff alleges it "Against All Defendants" and for each, he seeks essentially the same damages.

Defendants Sebright Products, Inc. ("Sebright") and Gary Brinkmann ("Brinkmann") move to dismiss Count III (unjust enrichment), Count IV (violation of the Missouri Merchandising Practices Act ("MMPA")), Count V (constructive trust) and Count VII ("piercing the corporate veil") for failure to state a claim as a matter of law.  Concurrent with this Motion, Sebright and Brinkmann have answered the Complaint's general allegations and Counts I, II, VI and VIII, which are not subject to the present Motion.

## I.    INTRODUCTION

Plaintiff's "shotgun" approach to stating *all* of his claims against *all* Defendants must be rejected.  Sebright and Brinkmann deny they are liable to Plaintiff under any of his stated theories.  However, to the extent claims can even be stated against them at this preliminary stage, those claims should be limited to claims which Plaintiff can actually maintain based on the facts

alleged.  Simply alleging every surmisable claim against every surmisable Defendant is improper where the alleged facts do not support the claims.

As to Sebright and Brinkmann in particular, Plaintiff fails to state a claim on several counts.  First, for his Count III for unjust enrichment, Plaintiff fails to allege what benefit, if any, Sebright and Brinkmann have actually received or retained.  As a matter of law, they cannot be liable for unjust enrichment for retention of a benefit that Plaintiff specifically alleges he conferred on Resource, a separately named Defendant.  Similarly, his Count V for constructive trust must be dismissed because Plaintiff does not identify any alleged *res* in Sebright's or Brinkmann's possession upon which to attach.  Absent such an allegation, his claim for constructive trust fails as against them.  Count IV for violation of the MMPA fails because Plaintiff does not allege that he purchased the License Agreements for a household purpose recognized under the MMPA. The MMPA is not implicated by transactions for purchase of merchandise for "investment" purposes, which is all that Plaintiff has alleged.  Finally, Plaintiff's Count VII for "piercing the corporate veil" is not an independent cause of action and should be dismissed in its entirety.

For each of these reasons, Plaintiff's "shotgun" approach to blanketly state claims against all Defendants must be rejected and the claims discussed herein against Sebright and Brinkmann should be dismissed.

## II.    ARGUMENT

### A.    Legal Standard

A motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) "challenges the legal sufficiency of the allegations made in the Complaint." *J & J Sports Prod's, Inc. v. Garcia*, No. 4:13-cv-02416-DDN, 2014 WL 2644194, *2 (E.D. Mo. June 13, 2014) (citing *Carton v. General Motors*

*Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010)); *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive such a motion, a Complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). "To meet this plausibility standard, the Complaint must contain 'more than labels and conclusions.'" *J & J Sports*, 2014 WL 2644194, at *2 (citing *Twombly*, 550 U.S. at 555).

A "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555. Instead, "the Complaint must contain 'factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *J & J Sports*, 2014 WL 2644194, at *2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)).

**B.    Plaintiff's Count III (Unjust Enrichment), Count IV (Violation of the MMPA), Count V (Constructive Trust) and Count VII ("Piercing the Corporate Veil") Must Be Dismissed for Failure to State a Claim.**

When Plaintiff's collective allegations "Against All Defendants" are assessed, it becomes clear that he fails to sufficiently state claims against Sebright and Brinkmann on multiple counts. As to Counts III, IV, V and VII, Plaintiff lacks the factual allegations *against Sebright and Brinkmann* necessary to state a claim and survive this Motion.

      i.    <u>Plaintiff fails to state a claim for unjust enrichment against Sebright and Brinkmann because he does not allege that either accepted or received the $400,000 benefit at issue.</u>

Plaintiff's Count III for unjust enrichment fails against Sebright and Brinkmann because he fails to allege that either accepted or retained the benefit he allegedly conferred. In Missouri, the "elements of unjust enrichment are: '[1] a benefit conferred by a plaintiff on a defendant; [2] the defendant's appreciation of the fact of the benefit; and [3] the acceptance and retention of the

benefit *by the defendant* in circumstances that would render the retention inequitable." *Howard v. Turnball*, 258 S.W.3d. 73, 76 (Mo. Ct. App. 2008) (emphasis added). It occurs where "a [party] retains and enjoys the benefit *conferred upon him* without paying its reasonable value." *Archway Kitchen & Bath, Inc. v. Lands Development Corp.*, 838 S.W.2d 13, 15 (Mo. Ct. App. 1992) (emphasis added).

In other words, for a claim for unjust enrichment to exist, the claimant must allege that the defendant against which the claim is brought actually accepted and retained the benefit. In this respect, Plaintiff's allegations as to Sebright and Brinkmann do not pass muster. In his Count III, Plaintiff alleges that he "conferred a benefit onto [all] Defendants in the form of payment in the amount of $400,000." Dkt. 1, ¶47. He does not allege any additional or separate benefit conferred serving as the basis for his claim. *Id.* at ¶¶47-48. That being the case, Plaintiff's claim against Sebright and Brinkmann is doomed by his prior, contradictory allegation in which he alleges that he submitted the $400,000 payment *to Resource*, a separate defendant, not Sebright and Brinkmann. *Id.* at ¶23 ("… Plaintiff entered into the License Agreements with Resource and submitted and initial payment of $400,000."). The fact that Plaintiff paid *Resource* – not Sebright or Brinkmann – is further buttressed by the alleged License Agreements between Plaintiff and Resource, which Plaintiff attaches to his Complaint, and which provide that "[Plaintiff] shall pay [Resource] an upfront License Fee payment …." *Id.* at Ex. B, ¶3.1.

Plaintiff paid Resource, not Sebright or Brinkmann, the $400,000 benefit at issue. If Plaintiff has an unjust enrichment claim as to that $400,000, it is against Resource, the party upon whom he actually alleges he conferred the $400,000 benefit. *See Howard*, 258 S.W.3d. at 76. Plaintiff has not alleged – nor can he allege – that either Sebright or Brinkmann accepted or

retained the $400,000 benefit when he separately alleges and admits the same exact benefit was paid only to Resource.

Therefore, Plaintiff cannot maintain his Count III for unjust enrichment against Sebright and Brinkmann based on the allegations in the Complaint.

ii.     Plaintiff fails to state a claim for constructive trust against Sebright or Brinkmann because he fails to identify a specific *res* in either Sebright's or Brinkmann's possession for it to be imposed upon.

Plaintiff's Count V for constructive trust similarly fails as to Sebright and Brinkmann. Just as with his Count III for unjust enrichment, Plaintiff alleges that the benefit at issue is the alleged $400,000 payment he made under the License Agreements *to Resource*. *See* Dkt. 1, ¶59. Under Missouri law, this is insufficient to impose the equitable remedy of constructive trust upon Sebright and Brinkmann, to whom no such payment has been alleged.

Missouri courts are consistent that the notion of a constructive trust is an equitable remedy which may be imposed in limited circumstances: "[a] court of equity may impose or declare a constructive trust to provide a remedy in cases *where one who has acquired property* under such circumstances as make it inequitable for him to retain it by making him or her a trustee for the person or persons injured thereby." *Commonwealth Land Title Ins. Co. v. Miceli*, 480 S.W.3d 354, 368 (Mo. Ct. App. 2015) (emphasis added) (quoting *Ralls Cnty. Mut. Ins. Co. v. RCS Bank*, 314 S.W.3d 792, 795 (Mo. Ct. App. 2010)).  "However, the very essence of the remedy of a constructive trust is the identification of specific property or funds as the *res* upon which the trust may be attached." *Id.* (quoting *Ralls Cnty*, 314 S.W.3d at 795; *Blue Cross Health Serv's, Inc. v. Sauer*, 800 S.W.2d 72, 76 (Mo. Ct. App. 1990)).

Here, the *res* upon which Plaintiff seeks to impose the constructive trust is not alleged to be either Sebright's or Brinkmann's.  The funds or *res* at issue is the $400,000 payment Plaintiff

alleges he made to *Resource*.  *See* Dkt. ¶¶23, 59, Ex. B.  Therefore, having not alleged any specific funds or *res* paid to Sebright or Brinkmann or in either Sebright's or Brinkmann's possession or control upon which to attach, Plaintiff fails to state a claim for constructive trust against them and it should be dismissed as stated against them.

   iii.   Plaintiff fails to state a claim for violation of the MMPA because "investment" purposes are insufficient to establish that that License Agreements were purchased for "personal, household or family" use.

The MMPA prohibits deceptive and unfair practices in connection with the sale of any merchandise in trade or commerce.  *Westerfield v. Ind. Processing, LLC*, No. 4:09-cv-01674-JAR, 2012 WL 1684500, *3 (E.D. Mo. May 15, 2012) (citing MO. REV. STAT. §407.020).  It thereby provides a cause of action for "consumers who purchase merchandise 'primarily for personal, family or household purposes.'" *Id.*; *see also Owen v. Gen. Motors Corp.*, 533 F.3d 913, 922 (8th Cir. 2008).  In a transparent attempt to implicate the MMPA where it has no application, Plaintiff opaquely alleges that the License Agreements were entered into "for his own personal livelihood and for similar family and household investment purposes." Dkt. ¶54.

Even taking this absurd allegation as true, the Eastern District has made clear that such a purpose is insufficient to maintain an action under the MMPA.  In *Westerfield*, plaintiff consumer sought to maintain a class action MMPA claim against two defendant loan processing companies.  *Westerfield*, 2012 WL 1684500, at *3.  Plaintiffs had argued that defendants' administrative fees charged at the time of purchase of real property were deceptive and therefore violated the MMPA.  *Id.*  Defendants sought summary judgment, *inter alia*, because the MMPA only applies to consumer transactions wherein merchandise is purchased for personal, household or family purposes.  *Id.*; *see also* MO. REV. STAT. §407.025.  Because the record was undisputed

that plaintiff entered into the transaction "as an investment," Defendant argued that the MMPA did not apply to the transaction. *Id.*

The *Westerfield* Court agreed. Citing the plaintiff's statements that the underlying property was only purchased as an "investment property" and separate evidence that it was purchased "as an investment to be held and rented," the Court determined that no jury could conclude that plaintiff "purchased the subject property for family purposes" and granted Defendant's motion. *Id.*

The same holds true here. While determined at summary judgment, the holding in *Westerfield* still dooms Plaintiff's MMPA claim. Even if Plaintiff proves his allegations in ¶54, no reasonable jury could conclude that he entered into the License Agreements for "personal, household or family purposes" sought to be protected by the MMPA. Again, Plaintiff does not allege that he or his family intended to use the License Agreements or the PAD System for personal or household use.[1] Neither the License Agreements nor the PAD System is a household product.

To circumvent this requirement, Plaintiff awkwardly alleges that the License Agreements were entered for "his own personal livelihood" and "similar family and household investment purposes." Dkt. ¶53. Giving each of those allegations even their broadest readings, they mean the same thing: "investment." That alleged use – "investment" – is precisely what the Court in *Westerfield* concluded could not support an MMPA claim, even if proven. *Westerfield*, 2012 WL 1684500, *3; *see also Hunters Friend Resort, Inc. v. Branson Tourism Center, LLC*, 2009 WL 2450281, *2-3 (W.D. Mo. Aug. 10, 2009) (dismissing plaintiff's condominium owner's MMPA claim where plaintiff owned condominiums for business purposes and concluding that

---

[1] And he could not credibly do so, because as he separately alleges, the PAD System is an industrial-sized municipal waste conversion system. *See* Dkt. 1, ¶16, Ex. A.

plaintiffs were not "consumers that purchased or leased a product for personal, family or household purposes" from defendants).

Therefore, Plaintiff's Count IV fails to state a claim because purchases for "investment" purposes are not implicated by the MMPA.

      iv.    <u>Plaintiff fails to state a claim for "piercing the corporate veil" because the Eighth Circuit recognizes piercing the corporate veil as a remedy, not an independent cause of action.</u>

It is axiomatic that a "corporation is regarded as a separate legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations." *Commonwealth*, 480 S.W.3d at 370.  Piercing the corporate veil is an equitable remedy sought against corporate entities only in limited situations where certain elements exist. *Id.*  Where, as here, corporate entities are alleged to be "alter egos" of individual entities, the Eighth Circuit has held that "piercing the corporate veil under an alter ego theory is best thought of as a remedy to enforce a substantive right, *and not an independent cause of action*." *Tamko Roofing Prod's, Inc. v. Smith Eng. Co.*, 450 F.3d 822, 826, n. 2 (8th Cir. 2006) (emphasis added); *see also Grothues v. I.R.S.*, 226 F.3d 334, 337-38 (5th Cir. 2000).

Here, instead of seeking to pierce the corporate veil of the "Corporate Defendants" as a remedy for the separate causes of action, Plaintiff has filed it as an independent claim.  As the Eighth Circuit has stated, "piercing the corporate veil" is not an independent claim.  If Plaintiff seeks to pierce Sebright's corporate veil, he should do so as a prayer for relief in his separate cognizable claims and should be required to allege, with sufficient specificity therein, what conduct and actions Sebright and/or Brinkmann particularly committed to support such a remedy. *See Commonwealth*, 480 S.W.3d at 370.  His standalone claim to "pierce the corporate veil" without any specific allegations to Sebright or Brinkmann must be dismissed.

### III.   CONCLUSION

For the reasons stated herein, Defendants Sebright Products, Inc. and Gary Brinkmann hereby request the Court enter an Order dismissing Counts III, IV, V and VII of Plaintiff's Complaint against Sebright and Brinkmann, awarding their costs and expenses incurred herein and providing any such other and further relief the Court deems just and proper under the circumstances.

Respectfully submitted,

HERZOG CREBS LLP

/s/ Brian M. Wacker
Gene J. Brockland, #32770MO
Brian M. Wacker, #61913MO
100 North Broadway, 14th Floor
St. Louis, MO  63102
Phone:  314-231-6700
Fax:      314-231-4656
gjb@herzogcrebs.com
bmw@herzogcrebs.com

ATTORNEYS FOR DEFENDANTS
SEBRIGHT PRODUCTS, INC. & GARY
BRINKMANN

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent on this 4th of October, 2016 electronically by ECF notification all attorneys of record.

/s/ Brian M. Wacker

p:\12600\12621\pleadings\memo in support of mtd - 10-07-2016.docx