# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TOM DUNNE, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:16-cv-01351 |
| RESOURCE CONVERTING, LLC et al., | ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S MOTION TO AMEND CASE MANAGEMENT ORDER

Plaintiff Tom Dunne, Jr. ("Plaintiff"), by and through counsel, for his Motion to Amend Case Management Order, pursuant to FED. R. CIV. P. 16(b), states as follows:

### Introduction

This complex fraud case involves nine (9) separate defendants (collectively, "Defendants') where all defendants have just filed answers following an extended venue transfer and pleading stage that lasted over nine (9) months. The current trial setting of March 26-28, 2018, was set in accordance with a Track 2 – Standard track assignment that would have trial of this matter occur within 18 months of filing. For the reasons set forth below, this setting is no longer appropriate and Plaintiff requests, at a minimum, approximately six-months of additional time to complete discovery and prepare for trial.[1] All parties agree modifications to the Case Management Order ("CMO"), ECF No. 98, are necessary, but disagree as to the length of time trial ought to be extended.

### Discussion

**I.  The procedural case history demonstrates consistent delays that significantly**

---

[1] An additional six months for trial would be provided whether the Court changed the current 18-month Track 2 setting to a Track 3 setting, which allows for 24 months for trial, or instead declares that the current 18-month track setting will apply from the date of filing of the Amended Complaint (filed March 15, 2017).

**affected the ability to keep to the current scheduling track.**

Plaintiff initiated this action on August 19, 2016, by filing an eight-count complaint against nine (9) defendants that alleged, among other things, that Defendants committed fraud against Plaintiff. *See* ECF No.1. It took seven (7) weeks, until October 10, 2016, to serve all Defendants, who were located in various locations throughout the United States. *See* ECF Nos. 2-10, 12-15, 22-23, 45. By October 17, 2016, all Defendants filed a Motion to Dismiss Plaintiff's Complaint. *See* ECF Nos. 35-36, 48-49, 51-52, 57-58. Briefing on these motions continued until November 28, 2016, when Defendants Sebright and Brinkmann filed their "Rejoinder to Sur-Reply." In addition, the parties briefed a Motion to Transfer Venue filed by Defendant Resource Converting, LLC, upon which oral argument was heard on November 30, 2016, on the same date as the Rule 16 Scheduling Conference.[2] Following oral argument on the Motion to Transfer, the Court took the motion under submission. A few days later, on December 6, 2016, the Court denied the motion to transfer and entered its Case Management Order, which Plaintiff seeks to amend in this Motion. *See* ECF Nos. 97-98. After denying that motion, the Court heard oral arguments for the four (4) pending Motions to Dismiss on February 3, 2017. *See* ECF No. 105-06.

After granting Defendants' motions to dismiss, the Court granted Plaintiff leave to file an Amended Complaint by March 15, 2017. *See* ECF No. 107. Plaintiff timely filed his Amended Complaint against Defendants on this date. While FED. R. CIV. P. 12(a)(4) required each Defendant to respond to the Amended Complaint by March 29, 2017, upon Defendants' request, and in the spirit of collaboration, Plaintiff consented to allowing Defendants an additional fourteen (14) days, up to and including April 12, 2017, to respond to the Amended Complaint.

---

[2] The parties were also prepared to also argue the four (4) pending Motions to Dismiss at the hearing.

*See* ECF No. 116. On April 12, 2017, Defendants filed five (5) Motions to Dismiss.[3] *See* ECF Nos. 122-35. Plaintiff filed his five (5) Responses to these motions on May 10, 2017; Defendants filed five (5) replies on May 17, 2017. *See* ECF Nos. 140-51. Although oral argument on these motions had been set for May 18, 2017, the Court vacated that hearing the day before. *See* ECF No. 149. The Court also granted Plaintiff two (2) days to file sur-replies to each Defendants' Reply, which Plaintiff filed on May 19, 2017. *See* ECF No. 149, 152-56. The Court entered its order denying in part and granting in part the various Motions to Dismiss on May 24, 2017. *See* ECF No. 157. Answers were finally filed by all defendants in June 2017. *See* ECF Nos. 159, 161-162.

On June 7, 2017, all Defendants finally answered Plaintiff's Complaint, more than nine-and-a-half (9 1/2) months since Plaintiff filed his initial Complaint. As the Court noted in its CMO, this matter was originally assigned a Track 2 – Standard assignment, which sets trial within eighteen (18) months of the filing of the action. *See* ECF No. 98; E.D.Mo.L.R. 16-5.01. As the above paragraphs demonstrate, the parties endured approximately eight (8) months of heavy motion practice, in which forty-six (46) pleadings were filed. As a result, more than half of the Track 2 schedule has been taken up before Answers were even filed.

**II.    Defendants' refusal to produce documents and witnesses caused further delays that demonstrate the need to abandon the current scheduling track.**

As one might expect, little discovery has taken place given the forty-six (46) pleadings filed during the extensive venue transfer and pleading stage that ended in June 2017. While the parties have exchanged some written discovery, no depositions have occurred. Plaintiff timely

---

[3] There were four (4) Motions to Dismiss Plaintiff's Complaint filed in the first round of motions. However, Resource Converting, LLC filed its own Motion to Dismiss after previously filing a joint Motion to Dismiss with Rick Kersey and Tim Danley, despite the fact counsel for these three (3) Defendants has at all times treated each of these Defendants as one collective "group." This resulted in an additional burden on Plaintiff to respond to an additional Motion to Dismiss.

27602464v2

responded to all written discovery issued by Defendants, but Plaintiff has not received any documents from four (4) Defendants, despite issuing Requests for Production of Documents on February 15, 2017.[4]  Now that the pleading stage is over and all Defendants remain in this action, Plaintiff is working to obtain Defendants' agreement to produce these documents without involvement of the Court, but the fact remains that four (4) months have passed and no documents have been produced by four (4) defendants in response to these requests, further justifying the need to extend the trial date in this matter.  This particularly so given the fact that two of those Defendants, Resource Converting, LLC and NewWay Global Energy, are the creators of the PAD System and Waste Conversion System, respectively, the capabilities of which form an integral part of Plaintiff's claims against all Defendants.

Further, Plaintiff has repeatedly asked for potential dates to take Defendants' depositions. Counsel for Defendants Wolf, Flickinger, and JWR, Inc. has flatly refused to provide any dates for his clients until Plaintiff's counsel agrees to a date certain to depose Plaintiff.  When asked why, Defendants' counsel stated his reason for doing so is that he will not agree to allow any of his clients to be deposed before Plaintiff is deposed.  This type of gamesmanship causes further unnecessary delays that lend further support to the need to revise the track setting and, perhaps,

---

[4] Plaintiff sent document request to all named Defendants on February 15, 2017, and Defendants' responses were due on March 17, 2017. Upon request, Plaintiff granted Defendants an extension to respond to these discovery requests until April 17, 2017. While some answers, responses and objections were received by Plaintiff from Defendants, four (4) of the Defendants, Tim Danley, Rick Kersey, Resource Converting, LLC and NewWay Global Energy failed to produce any documents on the basis they were withholding documents responsive to Plaintiff's requests until a protective order was agreed upon by all parties.  It was not until May 9, 2017, that counsel for Defendants Resource Converting, LLC, Rick Kersey and Tim Danley sent an email communication, to counsel for Plaintiff with a proposed stipulated protective order. Extensive negotiations have taken place concerning this proposed protective order, which the parties appear to have finally reached an agreement upon on as of June 13, 2017.  While Plaintiff has worked to meet Defendants demands to procure such a protective order, the claim of confidentiality is not a valid objection or basis for failing to timely produce documents pursuant to validly issued discovery requests.

issue a scheduling order that provides a date certain for all parties to make their clients available for deposition.

**III.     Plaintiffs have sought to obtain Defendants agreement to a proposed change in trial setting and modification of the scheduling order, but the parties have been unable to reach an agreed-upon extension of the trial date and CMO deadlines.**

In accordance with E.D.Mo.L.R. 37.304, Plaintiff's counsels certify to the Court that they have conferred by telephone and e-mail with opposing counsel in good faith, but that after sincere efforts to obtain their consent and reach an agreement as to when to reset the trial and proposed dates for discovery, counsel are unable to reach an accord. The conference call occurred on June 12, 2017, at 3:30 p.m.[5], with extensive e-mail exchanges since that time (see counsel e-mail discussion chain, attached hereto as **Exhibit A**).

After raising the issue of the need to amend the scheduling order by e-mail and proposing a conference call, Plaintiff worked with all defendants in efforts to obtain consent. As is clear from this e-mail exchange, <u>all parties generally agree</u> that revisions to the schedule are necessary but disagree as two how long trial should be extended. At Defendants' request, Plaintiff circulated a proposed revised Case Management Order in advance of the conference call (See Proposed Revised Case Management Order, attached hereto as **Exhibit B**).

With the more than nine (9) months of delay articulated in the preceding sections, Plaintiff proposed what he thought was a very reasonable (and somewhat aggressive) a 5.5 month extension of the trial setting to September 2018. Defendants balked at that request, and instead proposed the matter be reset to sometime in June 2018 instead, approximately 10-12 weeks beyond the current trial date of March 26, 2018. After much discussion, and after contacting the Court's clerk to inquire about potential trial weeks available in June 2018 through

---

[5] Counsel representing each party was present during this phone call, including: Christopher Baucom; Gene Brockland, Jr.; Martin Buckley; Lindsay Davis; and Steven Schwartz.

August 2018, it became clear to Plaintiff that the defendants could not even agree among themselves to a presumptive trial week in June, July, or August, 2018, given their alleged scheduling conflicts and their belief that trial in this matter will take longer than a week, not the 2-3 days for trial that the current CMO sets forth.[6] (See ECF No. 98, at Section I, ¶ 6.). Despite Plaintiff's best effort to reach a compromise with Defendants, Defendants stated they are unwilling to agree to set this matter past June 2018, an extension of 10-12 weeks, despite acknowledging the fact that this matter is likely to require more than double the initially expected number of trial days. From Plaintiff's perspective, given the approximately nine (9) months of extensive venue transfer and pleadings and failure of Defendants to timely responded to request to produce critically important documents, Defendants could not adequately prepare for trial of this matter with a mere 10-12 week extension of the trial date. In fact, if the lack of cooperation exhibited to date with discovery continues, only extending the date by 5.5 months may not be conservative enough.

**IV.   Good cause exists for resetting this matter to a Track 3 setting and extending the trial date (and corresponding deadlines) by approximately six months.**

All nine (9) defendants remain in this action after a pleading stage that lasted 9.5 months. This action involves highly technical and complex claims alleging multiple counts of fraud and involving multiple companies and individuals. And discovery, to date, has been hindered both by the extensive venue transfer, pleading, and briefing schedule and a number of the Defendants refusing to provide any relevant and responsive documents in response to valid discovery requests. While these circumstances may not have been ascertainable when this track setting was assigned at the outset, they make clear the need to adjust at least to a Track 3 setting, which

---

[6] This fact alone may require resetting the trial date from March 26, 2018, depending on the Court's schedule for the remainder of that week and the week that follows, given that Defendants believe this matter cannot be tried in a single week, much less the 2-3 days for which it is currently set.

applies to "cases [that] are expected to be concluded within 24 months of filing, as opposed to 18-months for a Track 2 setting." These circumstances, as detailed in the preceding sections, sufficiently demonstrate the good cause necessary to reset the trial date and amend the CMO.

There appears to be no disagreement that "good cause" exists to amend the Case Management Order deadlines, including the upcoming expert discovery deadlines,[7] since all counsel agreed an extension was necessary to allow all parties substantial time to prepare their case and address the substance of Plaintiff's claims. (See **Exhibit A**). The disagreement boils down to this: Defendants will not agree to modify the trial date beyond 10-12 weeks to June 2018, while Plaintiff requires an extension to September 2018.[8] Defendants have indicated they have conflicts the third week of June, and from July 15 through late August (See Exhibit A).[9] Accordingly, a trial date in September 2018 or later would accommodate those conflicts and provide adequate time to prepare for trial of this matter.

## CONCLUSION

Rule 16(b)(4) only requires Plaintiff show "good cause" to amend the Case Management Order. Good cause clearly exists, as demonstrated by (1) the extensive pleading stage that took more than half of the current track setting to obtain answers to Plaintiff's Complaint from all defendants, (2) failure to comply with discovery obligations by many Defendants, including

---

[7] Defendants agreed that an extension of the deadlines, to include Plaintiffs' expert discovery deadline of June 15, 2017, should be extended. See Exhibit A.

[8] Plaintiff's counsel, in an attempt to avoid a dispute with the Court, inquired whether Defendants would agree to a date in July 2018, to which Defendants indicated they would not agree. In hindsight, especially given the apparent agreement that this matter will require more than a week of trial, indicate that it would be way too aggressive a schedule to attempt to prepare for trial of this complex matter in 12 months given the reasons explained in this motion.

[9] Counsel for Resource Converting, LLC, Tim Danley, and Rick Kersey represented to Plaintiff unavailability from mid-July 2018 to mid-to-late August 2018, without providing any detail as two why he was unavailable, and having never mentioning this on the conference call that took place approximately twenty-four (24) hours prior. See Exhibit A.

failing to produce any documents in response to requests issued four months ago, and (3) an agreement by all counsel that trial of this matter will take longer than a week, not the 2-3 days represented under the current track setting.  Accordingly, Plaintiff requests that the Court change the current track setting of this matter and reset the trial in September 2018 or later, depending upon the Court's availability, adopt the proposed Case Management Order attached as Exhibit B to this motion, and for such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff Tom Dunne, Jr. hereby requests this Court grant Plaintiff's Motion to Amend the Case Management Order in the manner proposed in Exhibit B, and for any other further relief this Court deems just and proper.

Dated: June 14, 2017

**Respectfully Submitted,**

**LATHROP & GAGE LLP**

By: */s/ Barry L. Haith*
Barry L. Haith (48972)
BHaith@LathropGage.com
Jonathan R. Waldron (58898)
JWaldron@LathropGage.com
7701 Forsyth Boulevard, Suite 500
Clayton, Missouri  63105
314.613.2800; F. 314.613.2801

**Attorneys for Plaintiff Tom Dunne, Jr.**

27602464v2

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Court's electronic filing system on this 14th day of June, 2017, upon counsel of record.

/s/  Barry L. Haith