UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TOM DUNNE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 1351 DDN |
| | ) | |
| RESOURCE CONVERTING, LLC, | ) | |
| TIM DANLEY, | ) | |
| RICK KERSEY, | ) | |
| SEBRIGHT PRODUCTS, INC., | ) | |
| GARY BRINKMANN, | ) | |
| NEWWAY GLOBAL ENERGY, LLC, | ) | |
| DAVID WOLF, | ) | |
| JERRY FLICKINGER, and | ) | |
| JWR, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action is before the Court on the motion of defendants Resource Converting, LLC, Tim Danley, and Rick Kersey ("the RC defendants") to stay this action pending resolution of trial in the United States District Court for the Southern District of Iowa. (Docs. 229, 230). All parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

## BACKGROUND

Plaintiff Tom Dunne, Jr., alleges the following facts in his complaint.[1] In May 2015, defendant Gary Brinkmann contacted plaintiff to sell him certain license agreements. (Doc. 1 at 4). These agreements would authorize and obligate plaintiff to acquire for resale "PAD systems" developed by defendants Resource Converting, LLC; Sebright Products, Inc.; and JWR, Inc., and sold by defendant NewWay Global Energy,

---

[1] Plaintiff's complaint alleges 8 counts for relief against 9 defendants.

LLC. (*Id.* at 5). The PAD systems are devices that would purportedly convert municipal solid waste into renewable fuels. (*Id.* at 4). The systems were advertised to plaintiff as "using proven and tested technology to create a homogenous dried fuel stock that can be converted into different forms of energy." (*Id.* at 5). Defendant Jerry Flickinger gave plaintiff a "budgetary quote for a single line processing system to take municipal solid waste and prepare it for conversion to fuel," stating a single system was "capable of processing 250 tons per day." (*Id.* at 5). Brinkmann and Flickinger allegedly assured plaintiff repeatedly of the PAD systems' proven function and the substantial value of the license agreements. (*Id.*)

Plaintiff alleges that defendants Brinkmann, Flickinger, Danley, and Kersey solicited payment from him for the PAD systems and license agreements, and that they employed high-pressure sales pitches. (*Id.* at 6). As a result of defendants' assurances and representations, plaintiff entered into license agreements with Resource Converting in August 2015 and made an initial payment of $400,000 with an additional payment of $600,000 to be made in November 2015. (*Id.*) Between May and October 2015, plaintiff and defendants met with many individuals in Missouri to solicit the sale and purchase of the PAD Systems. (Doc. 77, Ex. A at 2-3). Between August and November 2015, plaintiff insisted on seeing a demonstration of an operational PAD system. (Doc. 1 at 6). Brinkmann, Kersey, and Flickinger showed plaintiff a partially assembled piece of non-functioning equipment in a building located in Iowa, stating that it had previously been in operation but was being prepared for relocation. (*Id.*) Defendants were never able to show plaintiff a working PAD system. (*Id.* at 7). On December 1, 2015, defendants demanded full payment of the remaining $600,000 due from plaintiff. (*Id.*) In June 2016, defendant Brinkmann stated to plaintiff that the PAD Systems never functioned as promised. (*Id.* at 8).

On June 20, 2016, counsel for plaintiff submitted a demand letter to Brinkmann, Resource Converting, Sebright, JWR, NewWay, Kersey, and Danley, demanding return of the $400,000 paid by plaintiff and threatening legal action if the sum was not repaid by June 30, 2016. (Doc. 77, Ex. E). Resource Converting filed a breach of contract claim

against Dunne on June 30, 2016 in Iowa state court. (*Id.* at Ex. F). On August 19, 2016, Dunne removed that case to the United States District Court for the Southern District of Iowa ("the Iowa case") and also commenced the instant action in this District Court ("the Missouri case"). Defendants moved to transfer the Missouri case from this Court to the United States District Court for the Southern District of Iowa on October 17, 2016. (Doc. 55). This Court denied the motion to transfer on December 6, 2016. (Doc. 97).

## ANALYSIS

This Court previously denied defendants' motion to transfer, because "[t]he convenience of the parties, witnesses, and the interest of justice weigh in favor of keeping this case in this district, where plaintiff commenced it." (Doc. 97 at 3). Similar considerations are at stake regarding defendants' motion to stay.

Defendants have repeatedly characterized plaintiff's suit as "retaliatory." *See, e.g.,* Doc. 55 at 1, Doc. 56 at 1, Doc. 230 at 1, Doc. 238 at 1. Defendants argue that their suit should take priority under the first-filed rule, and that plaintiff's suit "is merely a vehicle by which plaintiff can avoid the venue provision of the License Agreement[2]" and defendants' $600,000 breach-of-contract claim." (Doc. 56 at 2).

"The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'" *United States Fire Insurance Co. v. Goodyear Tire & Rubber Co.,* 920 F.2d 487, 488-89 (8th Cir. 1990) (quoting *Orthmann v. Apple River Campground Inc.,* 765 F.2d 119, 121 (8th Cir. 1985)). "This first-filed rule 'is not intended to be rigid, mechanical, or inflexible,'… but is to be applied in a manner best serving the interests of justice." *Id.* (quoting *Orthmann*, 765 F.2d at 121). "The prevailing standard is that 'in the absence of compelling

---

[2] The license agreements contain a section captioned as "12.5 Governing Law" that provides, "[t]he sole jurisdiction and venue for actions related to the subject matter hereof shall be the State of Iowa and U.S. Federal courts located in Iowa. Both parties consent to the jurisdiction of such courts". (Doc. 1, Ex. B. at § 12.5). This Court previously addressed the factors weighing against the application of this section in its Order denying defendants' motion to transfer; *see* Doc. 97 at 3-4.

3

circumstances,'… the first-filed rule should apply." *Id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v Haydu,* 675 F.2d 1169, 1174 (11th Cir. 1982)).

The Eighth Circuit has stated that a prior letter giving notice to a party of imminent litigation could "send up red flags that there may be compelling circumstances" to set aside the first-filed rule. *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1007 (8th Cir. 1993). In that case the Court of Appeals found that the letter in question "gave no indication that a lawsuit was imminent, or that American was doing anything more than blowing smoke about a potential lawsuit… from which one might infer that American's lawsuit was not truly contemplated until after Northwest had filed its action." *Id.*

Here, plaintiff's original letter to defendants, dated June 20, 2016, made the imminence of filing the present case very clear: "[U]nless you pay to [plaintiff]… prior to June 30, 2016, the sum of $400,000 plus interest in the amount of… $29,984… plus attorney fees in the amount of… $35,000, the appropriate civil action *will be commenced* against each and every one of you, jointly and severally, in the US District Court, Eastern District in St. Louis, Missouri[.]" (Doc. 77, Ex. 5 at 5) (emphasis added). Defendants commenced the Iowa case in the Iowa state District Court for Polk County on June 30, 2016, the day the ultimatum presented in plaintiff's letter was due to expire. The letter's clear language and the date defendants' Iowa state court suit was commenced establish that defendants' suit was anticipatory.

Absent application of the first-filed rule, considerations of judicial economy would not be best served by staying proceedings in the Missouri case. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The movant must "make out a clear case of hardship or inequity." *Id.* at 255. The Court "weighs the potential prejudice or hardship to the parties, as well as the interest of judicial economy." *Boswell v. Panera Bread Co.,* 311 F.R.D. 515, 526 (E.D. Mo. 2015).

The reasons for not staying this action are very substantial. There are over twenty independent witnesses to this case in the St. Louis area. (Doc. 97 at 4). Only one of the events alleged by plaintiff Dunne occurred in Iowa; most occurred in St. Louis. (*Id.* at 5). Eight of the nine defendants did not agree to an Iowa forum-selection clause; five are residents of Michigan, Texas, or Wisconsin, while the citizenship of the remainder is unknown. (Doc. 96.) The Iowa case does not include these eight defendants.

A decision favorable to Resource Converting in the Iowa federal case might not resolve plaintiff's claims against the other defendants in the Missouri case.

For these reasons, defendants' motion for a stay is entirely without merit.

However, the Court notes that the Iowa case is set for trial on May 14, 2018, prior to when the Missouri case would be tried in this Court. And the Court notes that there is presently pending a motion to stay the proceedings in the District Court in Iowa. Out of respect for the United States District Court for the Southern District of Iowa, regardless of defendants' lack of entitlement to stay the Missouri case, if the motion to stay the Iowa case is not granted, this Court will require no further actions by the parties in the Missouri case that might impede the preparation of that Court for the May 2018 trial.

Therefore,

**IT IS HEREBY ORDERED** that the motion of defendants to stay these proceedings (Doc. 229) is **DENIED**.

However, on this Court's own motion, because the case in Iowa is set for trial on May 14, 2018, if the case before the United States District Court for the Southern District of Iowa is not stayed pending the disposition of the instant case,

**IT IS FURTHER ORDERED** that the parties in the case before this Court are directed to take no further action in this case that would impede the May 2018 trial setting of the case in Iowa.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 7, 2018.