UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TOM DUNNE, JR., | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 1351 DDN |
| | ) | |
| RESOURCE CONVERTING, LLC, | ) | |
| TIM DANLEY, | ) | |
| RICK KERSEY, | ) | |
| SEBRIGHT PRODUCTS, INC., | ) | |
| GARY BRINKMANN, | ) | |
| NEWWAY GLOBAL ENERGY, LLC, | ) | |
| DAVID WOLF, | ) | |
| JERRY FLICKINGER, and | ) | |
| JWR, INC., | ) | |
| | ) | |
|    Defendants. | ) | |

## MEMORANDUM AND ORDER
## GRANTING MOTION FOR ATTORNEYS FEES

Before the Court is the motion of plaintiff Tom Dunne Jr. for attorney's fees and costs (Doc. 239) resulting from the Court's November 6, 2017 order (Doc. 220) sustaining his motion to compel pretrial production of documents by defendants Resource Converting LLC, Tim Danley, and Rick Kersey ("RCI defendants"). (Doc. 203). RCI defendants oppose the motion. (Doc. 241).

## BACKGROUND

According to the Fourth Amended Case Management Order, issued on August 2, 2017, pretrial discovery was to be concluded on or before October 1, 2017. (Doc. 181). A joint motion to extend the expert witness discovery date was sustained on August 22, 2017, and that discovery was extended to December 30, 2017. (Doc. 183). On October 13, 2017, plaintiff moved to compel production of documents from the RCI defendants.

(Doc. 203). The Court heard arguments on this matter on November 3, 2017, and on November 6, 2017, granted plaintiff's motion. (Doc. 220). The Court ordered the RCI defendants to produce all responsive, relevant documents that had been withheld and documents related to ten licensees. (*Id.*). The Court ordered that, if necessary, relevant parties and witnesses must be re-deposed. (*Id.*). Finally, pursuant to Federal Rule of Civil Procedure 37(a)(5), the Court awarded plaintiff the expenses of filing and prosecuting his motion to compel, including courtroom appearances. The parties were instructed to limit any re-deposition expenses, if at all possible. (*Id.*).

## **DISCUSSION**

On January 23, 2018, plaintiff 's counsel filed an affidavit of costs and invoices, claiming a total of $18,632.50 in fees and expenses related to the filing of the motion to compel. (Doc. 239, Exs. A-C). Plaintiff requests fees at the following rates for the indicated hours:

a. for attorney Barry Haith: 7.6 hours at $415 per hour ($3,154);

b. for attorney Jonathan Waldron: 34.1 hours at $285 per hour ($9,718.50); and

c. for attorney Matthew Rogers: 24 hours at $240 per hour ($5,760).

(Doc. 239).

The RCI defendants object to the $415 rate for attorney Haith and argue that none of the rates can be considered reasonable without additional evidence from plaintiff. "The party seeking litigation fees bears the burden to provide evidence of the hours worked and the rate claimed." *Saint Louis Univ. v. Meyer*, 2009 WL 482664, at *1 (E.D. Mo. Feb. 25, 2009). "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). It should reflect any special skill and experience counsel may have. *Hendrickson v. Branstad*, 934 F.2d 158, 164 (8th Cir. 1991). In determining a reasonable rate, the Court may consider the requesting attorneys' billing rates and the

Court's own knowledge of prevailing market rates in its jurisdiction. *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005).

Plaintiff argues that the rates claimed for attorneys Haith and Waldron are discounted by up to $100 from their current standard rates. (Doc. 247). Plaintiff's counsel has also offered a sworn affidavit to the effect that, among other things, "[Mr. Waldron is] familiar with the rates, customs and practices of local firms and fees for litigation matters such as the present case . . . [and the] aforementioned fees are fair and reasonable for the above described work[.]" (Doc. 239, Ex. A at 3). Courts in this district have found rates of $350 to $450 per hour for a partner in the St. Louis metropolitan region to be reasonable. *See, e.g., Xiem Studio, LLC v. Nguyen*, No. 4:14 CV 1366 CEJ, 2015 WL 3795852, at *5 (E.D. Mo. June 18, 2015) (approving hourly rates ranging from $400 to $490 for partner work); *Texas Life Ins. Co. v. Packman*, No. 4:13 CV 2019 JAR, 2014 WL 1400182, at *2 (E.D. Mo. Apr. 10, 2014) (findings rates of $350 and $400 per hour for a partner to be acceptable). This Court therefore concludes that the claimed hourly rates are reasonable, in light of the evidence provided and its knowledge of prevailing rates for similar services in the greater St. Louis legal marketplace.

Next, the Court determines the number of hours reasonably expended in filing and prosecuting plaintiff's motion to compel. "Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Quigley v. Winter*, 598 F.3d 938, 957 (8th Cir. 2010) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The RCI defendants assert that "review of plaintiff's counsel's affidavit shows that the 65-plus hours claimed is excessive, contains redundant or unrelated work and otherwise unnecessary time." (Doc. 241 at 3).

In reply, plaintiff's counsel argues that the motion to compel was not routine but instead involved unusual circumstances, and that the Court should not award merely a nominal amount. (Doc. 247 at 4).

Federal Rule of Civil Procedure 37(a)(5)(A) generally *requires* the Court ("the court must") to award "the movant's reasonable expenses *incurred in making the motion [to compel discovery]*, including attorney's fees."  F. R. Civ. P. 37(a)(5)(A) (italics added).  An important limitation on the Court's authority to award these expenses is a failure of the movant to engage in a good faith attempt to obtain the discovery before filing the motion.  *See* Fed. R. Civ. P. 37(a)(5)(A)(i); *see also* E. D. Mo. Local Rule 3.04. Because this pre-motion due diligence is required when an award of the expenses for a motion to compel is considered, the Court ought to compensate the movant for the pre-motion due diligence effort.

The motion to compel was filed on October 13, 2017, and it appears that plaintiff's pre-motion joint effort to compromise the need for the motion began with the "meet and confer that finally occurred on October 11, 2017," with RCI defendants' counsel. (Doc. 231 at 5).  Therefore, the Court has reviewed the records of plaintiff's attorneys' effort leading to and after that date.[1]  The Court finds that the attorneys' efforts on October 12, 2017 (6.70 hours each for attorneys Waldron and Rogers), and on October 29, 2017 (3.30 hours for attorney Rogers), appear excessive and the Court reduces them by 50 percent.

Similarly, on October 23 and October 24, 2017, Mr. Waldron and Mr. Rogers both billed for reviewing RCI's memorandum in opposition to plaintiff's motion to compel. The Court will exclude the 0.2 hours Mr. Rogers claimed for this review.

The remaining hours claimed are reasonable.

#### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorney's fees (Doc. 239) **is sustained in that** plaintiff is awarded attorneys fees against defendants Resource

---

[1] The pre-October 11, 2017, hours claimed by plaintiff's attorneys ought to be compensated, because they were reasonably expended in preparation for the October 11 conference.

4

Converting LLC, Tim Danley, and Rick Kersey, jointly and severally, in the following amounts:

    a.    for attorney Barry Haith:    7.6 hours at $415 per hour ($3,154.00)

    b.    for attorney Jonathan Waldron:    30.75 hours at $285 per hour ($8,763.75); and

    c.    for attorney Matthew Rogers:    19 hours at $240 per hour ($4,560.00),

for a total award amount of $16,477.75.

                                      /S/   David D. Noce
                              **UNITED STATES MAGISTRATE JUDGE**

Signed on April 18, 2018.