UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOM DUNNE, JR., | ) |
|     Plaintiff, | ) |
| v. | )    No. 4:16 CV 1351 DDN |
| RESOURCE CONVERTING, LLC, | ) |
| TIM DANLEY, | ) |
| RICK KERSEY, | ) |
| SEBRIGHT PRODUCTS, INC., | ) |
| GARY BRINKMANN, | ) |
| NEWWAY GLOBAL ENERGY, LLC, | ) |
| DAVID WOLF, | ) |
| JERRY FLICKINGER, and | ) |
| JWR, INC., | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**
**GRANTING MOTION FOR ATTORNEY FEES**

Before the Court is the motion of plaintiff Tom Dunne Jr. for attorney's fees and costs (Doc. 328) resulting from the Court's October 30, 2018 order (Doc. 314) sustaining his motion to compel pretrial production of documents by defendants Resource Converting LLC, Tim Danley, and Rick Kersey ("RCI defendants"). (Doc. 310). RCI defendants oppose the motion, and have also filed a motion for reconsideration of the Court's October 30, 2018 order. (Doc. 352).

**BACKGROUND**

This is the latest round of discovery disputes in a contentious case. The proceedings leading up to this motion are highly relevant, and the parties characterize these proceedings and their impact differently, so the Court will discuss them in detail.

On October 13, 2017, plaintiff filed its first motion to compel production of documents, alleging that despite plaintiff's good-faith efforts to resolve discovery disputes, RCI defendants' counsel had instructed their clients not to search for or produce documents responsive to plaintiff's document requests. (Doc. 203). The RCI defendants responded, and the plaintiff replied, and the Court heard oral arguments on November 3, 2017. (Docs. 209, 218, 219). The Court concluded that the motion to compel must be granted, instructing plaintiff to file a motion for attorney fees. (Docs. 220, 239). After reviewing plaintiff's motion for fees, the RCI defendants' objections in response, and plaintiff's reply, the Court awarded plaintiff $16, 477.75 in attorney fees.

However, the RCI defendants failed to fully comply with the Court's order and produce all of the relevant documents. While the Court was still considering the motion for fees, and nearly three months after the motion to compel was granted on November 6, 2017, plaintiff filed a motion to enforce the Court's order and second motion to compel production of documents on February 20, 2018. (Doc. 254). One week later, the RCI defendants filed a lengthy response with multiple exhibits. (Doc. 258). Plaintiff replied, and the Court held a hearing on April 10, 2018, at which counsel for the RCI defendants appeared and defended his clients' position. (Docs. 261, 274). The case was then stayed for several months pending the related trial in the Southern District of Iowa, and the Court denied the pending motion as moot without prejudice to being refiled if the Court resumed proceedings in September 2018. (Doc. 292).

Plaintiff refiled the motion upon the lifting of the stay, and the Court allowed further arguments at a status conference on October 29, 2018. (Docs. 310 and 313). The RCI defendants' counsel had filed a motion to withdraw three days before, on October 26, 2018, and appeared at the hearing without fully participating in arguments. (Doc. 312). The Court took the matter under submission based on the parties' previous briefs and arguments, ultimately granting plaintiff's motion to enforce the Court's order and second motion to compel and ordering (1) the RCI defendants to produce the responsive documents in a format reasonably usable to plaintiff and (2) that plaintiff file an affidavit

of fees and costs incurred in preparing, filing, and prosecuting the second motion to compel. (Doc. 314).

Plaintiff then filed his motion and affidavit of fees for the second motion to compel, claiming $49,337.50, approximately three times the amount claimed for the initial motion. (Doc. 327). The parties filed responses, replies, and sur-replies. (Docs. 334, 349, 350, 351, 360).

The RCI defendants simultaneously filed a motion for reconsideration of the Court's order granting plaintiff's second motion to compel. (Doc. 352). Plaintiff objected and the RCI defendants replied. (Docs. 359 and 363).

The Court heard arguments on the pending motion for attorney fees and motion for reconsideration at a February 1, 2019 status conference. Accordingly, all of the discovery motions in this case have been extensively argued, with multiple opportunities for both sides to present their positions.
.

## **DISCUSSION**

### Motion for Reconsideration

The RCI defendants move this Court to reconsider its order enforcing discovery sanctions, claiming that plaintiff's motion was ruled without an adequate response from the RCI defendants. (Doc. 352). Defendants bring this as a "motion for reconsideration" with reference to Federal Rule of Civil Procedure 7(b). The Federal Rules of Civil Procedure do not mention motions for reconsideration, only motions to alter or amend judgments (under Rule 59) and motions for relief from judgments or orders (under Rule 60). Neither of these Rules applies here, because the order defendants seek to have reconsidered is not a final judgment or order, but rather an interlocutory or non-dispositive decision.

The Court nevertheless has authority to reconsider its own interlocutory decisions. It has inherent authority, and Rule 54(b) further provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and

liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment."

Some language in Eighth Circuit case law suggests that motions to reconsider "are nothing more than Rule 60(b) motions when directed at non-final orders." *Elder–Keep v. Aksamit,* 460 F.3d 979, 984 (8th Cir. 2006) (citing *Anderson v. Raymond Corp.,* 340 F.3d 520, 525 (8th Cir. 2003) and *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir. 1999)). However, this language appears to be dicta and has been criticized for failing to recognize courts' inherent authority. *See Garrett v. Albright,* No. 4:6 CV 4137 NKL, 2008 WL 268993, at *2 n.2 (W.D. Mo. Jan. 30, 2008) (expressing disagreement with *Elder–Keep* and noting that the standard for reconsideration of final judgments should be much higher than for interlocutory orders, and finding that because a district court has inherent authority to reconsider interlocutory orders, "the exceptional hurdles of Rule 60 should not apply"); *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:9 CV 5078 DGK, 2010 WL 3522476, at *2 (W.D. Mo. Sept. 2, 2010) (holding that a district court has greater discretion to grant a motion to reconsider an interlocutory order than a motion under Rules 59 or 60, and concluding that it would reconsider an interlocutory order only upon a showing that (1) the moving party did not have a fair opportunity to argue the matter previously and (2) a significant error necessitated granting the motion).

While the standard for reconsideration of an interlocutory order is not well established, the Court adopts the test set out in *Briggs Tobacco*, as it adequately accounts for the Court's interest in judicial economy and respect for the finality of its decisions while also allowing any mistakes that might occur to be corrected: the Court will reconsider an interlocutory order "only if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *Briggs Tobacco*, 2010 WL 3522476 at *2. The Court agrees that the standard is less exacting than it would be for a final order. *See Garrett*, 2008 WL 268993, at *2 n.2.

4

As discussed above, the parties had a fair opportunity to argue the matter. The Court allowed for extensive briefing and arguments on all of the matters at issue in the motion to enforce and second motion to compel. The fact that the matter was denied as moot during a stay and then refiled upon the lifting of the stay does not nullify the previous proceedings. The RCI defendants had multiple opportunities to argue the motion and otherwise cooperate with plaintiff on discovery matters. The Court only issued its order after several months of non-compliance, both before and after the imposition of the stay. The RCI defendants have also not shown any significant error in the Court's order that must be corrected. Accordingly, the motion for reconsideration is denied.

## Motion for Attorney Fees

Plaintiff requests fees at the following rates for the indicated hours:

| Individual | Hours | Hourly Rate | Total |
|---|---:|---:|---:|
| Attorney Barry Haith | 11.1 | $415 | $4,606.50 |
| Attorney Jonathan Waldron | 1.35 | $285 | $384.75 |
|  | 57.85 | $315 | $18,222.75 |
|  | 17.1 | $365 | $6,241.50 |
| Attorney Landon W. Magnusson | 1 | $295 | $295.00 |
| Attorney James Redd IV | 33.2 | $255 | $8,466.00 |
| Attorney Matthew Rogers | 2.75 | $240 | $660.00 |
|  | 12.2 | $250 | $3,050.00 |
| Paralegal Amy Beck | 4.5 | $250 | $1,125.00 |
| Litigation Support Michael D. Cole | 1.45 | $220 | $319.00 |
| Paralegal Keenan J. Barker | 4 | $220 | $880.00 |
| Litigation Support Kristine D. Goettsch | 20.15 | $200 | $4,030.00 |
| Paralegal Assistant Tracy R. Pace | 7.55 | $140 | $1,057.00 |
| **TOTAL** | **174.2** |  | **$49,337.50** |

The parties do not dispute the hourly rates of any of the individuals.[1] Rather, they contest the time expended, with plaintiff claiming all hours related to defendant's noncompliance and the RCI defendants asserting that the hours should be limited to only those expended in the preparation and prosecution of the motion to compel. The Court agrees that the hours claimed are excessive.

Under Federal Rule of Civil Procedure 37(a)(5)(A), the Court must award "the movant's reasonable expenses incurred in making the motion [to compel discovery], including attorney's fees." F. R. Civ. P. 37(a)(5)(A). Plaintiff's exhibit detailing counsel's timekeeping includes a variety of activities, many of which predate the filing of the motion to compel by several months. As this Court noted in its Order granting the motion for fees on plaintiff's first motion to compel, the Court ought to compensate a movant for pre-motion due diligence effort. However, this will not extend to unrelated activities, or general discovery communications far removed from the motion itself. Plaintiff's affidavit of time claims hours in excess of what is reasonable, and including activities that are not related to the action before this Court. For example, one entry for 1.6 hours includes in its activities "Revised EDMO MTC for purposes of filing in SDIA." (Doc. 327, Ex. 2, at 2). Another for 1.65 hours includes general review of the discovery production to locate information. (Doc. 327, Ex. 2, at 1). The Court does not order attorney fees for general discovery review or unrelated discovery matters, but only for time spent on relevant due-diligence efforts and directly preparing the motion to compel. Where unrelated activities were included in the narrative without specifying the time spent on each activity, the Court excluded the time entry. Finally, the Court finds that the attorneys' efforts on February 19, 2018 (12.4 hours for attorney Waldron); April 9, 2018 (10 hours for attorney Waldron), and the hours of attorney Redd on the re-filed motion and memorandum to enforce the Court's order (31.6 hours), appear excessive and the

---

[1] The affidavit includes three different hourly rates for attorney Jonathan Waldron and two different hourly rates for Matthew Rogers. In awarding fees, the Court will use the same hourly rates for these attorneys as it approved in the previous motion for attorney fees, namely $285 per hour and $240 per hour, respectively.

Court reduces them by 50 percent. After carefully reviewing the time submitted, the Court finds that 96.55 hours were reasonably expended for a total of $27,393.50.

| Individual | Hours | Hourly Rate | Total |
|---|---|---|---|
| Attorney Barry Haith | 9.5 | $415 | $3,942.50 |
| Attorney Jonathan Waldron | 51.6 | $285 | $14,706.00 |
| Attorney Landon W. Magnusson | 1 | $295 | $295.00 |
| Attorney James Redd IV | 15.8 | $255 | $4,029.00 |
| Attorney Matthew Rogers | 11.65 | $240 | $2,796.00 |
| Paralegal Amy Beck | 4.5 | $250 | $1,125.00 |
| Litigation Support Kristine D. Goettsch | 2.5 | $200 | $500.00 |
| **TOTAL** | **96.55** | | **$27,393.50** |

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorney fees (Doc. 327) **is sustained in that** plaintiff is awarded attorney fees against defendants Resource Converting LLC, Tim Danley, and Rick Kersey, jointly and severally, in the amount of $27,393.50.



/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 15, 2019.