UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TOM DUNNE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 1351 DDN |
| | ) | |
| RESOURCE CONVERTING, LLC, | ) | |
| TIM DANLEY, | ) | |
| RICK KERSEY, | ) | |
| SEBRIGHT PRODUCTS, INC., | ) | |
| GARY BRINKMANN, | ) | |
| NEWWAY GLOBAL ENERGY, LLC, | ) | |
| DAVID WOLF, | ) | |
| JERRY FLICKINGER, and | ) | |
| JWR, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action is before the court on plaintiff's motion to amend the Court's judgment of March 19, 2019 (Doc. 395). Defendants oppose the motion. The matter is fully briefed and ready for disposition. Defendants Resource Converting, LLC; Tim Danley; and Rick Kersey have also filed a motion for attorney fees and non-taxable costs. (Doc. 391). Plaintiff has not responded. For the reasons discussed below, both motions are denied.

## BACKGROUND

This dispute began in 2016 with a demand letter sent from plaintiff Dunne to defendants Brinkmann, Danley, JWR, Kersey, NewWay, Resource Converting, and Sebright, stating they intended to file legal action if a contractual sum was not returned by June 30, 2016. On June 30, 2016, Resource Converting filed a claim against Dunne in Iowa state court. On August 19, 2016, Dunne removed that case from Iowa state court to the United States District Court for the Southern District of Iowa. He also commenced

the instant action in this district court against the above-captioned defendants. On September 23, 2016, Dunne filed a motion to dismiss the Iowa suit or transfer it to Missouri. On October 17, 2016, Danley, Kersey, and Resource Converting moved to transfer the instant case to Iowa.

On December 6, 2016, this Court denied the motion to transfer the case to Iowa. However, on December 13, 2016, the court in Iowa denied the motion to transfer the case to Missouri. Essentially, the dispute proceeded simultaneously in two different courts. As the cases proceeded to trial, the parties filed motions to stay in both cases, recognizing that the conclusion of one case would have a preclusive effect on the other. (*See, e.g.,* Doc. 234 at 7 ("Plaintiff agrees the action before this Court and the Iowa Action have overlap of issues, parties, and claims.") and Doc. 238 at 3 ("the issues that would require resolution following the conclusion of the Iowa Action would be significantly limited"). The Iowa Court denied the motion to stay, while this Court granted the motion to stay.

Accordingly, the Iowa Action proceeded to trial in May 2018, and after eight days, the jury found for Resource Converting on its breach of contract claim, and Dunne on his fraudulent misrepresentation claim. *Resource Converting, LLC v. Dunne*, 4:16 CV 470 JAJ-SBJ (S.D. Iowa, May 23, 2018). The jury awarded no compensatory damages to either party, but awarded Dunne $200,000 in punitive damages. *Id.* The Iowa Court entered a judgment for Dunne on both claims on May 29, 2018.

Following the Iowa Action judgment, plaintiff amended his complaint in this case, adding and changing certain claims, and defendants filed new motions to dismiss the amended complaint. At that point, the Counts remaining in the action were Count (1) for fraudulent misrepresentation/concealment against all defendants, Count (2) for fraudulent inducement/rescission against Resource, Count (4) for unjust enrichment against defendants Resource and NewWay, and Counts (5-8) for civil conspiracy claims against various groupings of the defendants.

After careful consideration, this Court granted defendants' motions to dismiss the amended complaint in its entirety and entered judgment. Plaintiff then filed the instant motion to alter the judgment under Federal Rule of Civil Procedure 59(e).

## **Discussion**

Under Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment, but the Rule is not a vehicle to relitigate old issues, or to raise arguments that could have been raised prior to the entry of judgment. 11 C. Wright & A. Miller, *Federal Practice and Procedure* 127-128 (2d ed. 1995). Instead, the Rule serves the "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations and citations omitted).

In his motion, plaintiff argues that the Court committed manifest error in determining that res judicata applied to bar some of plaintiff's claims. Plaintiff argues that Iowa substantive law, and not federal law, applies, and plaintiff did not have a full and fair opportunity to bring these claims in the Iowa litigation. Plaintiff also argues that the Court manifestly erred in deciding that plaintiff's fraud claims were barred by the economic loss doctrine. The Court has reviewed the briefing of this Motion at length, just as it carefully considered the parties' arguments before issuing its Memorandum and Order. The Court finds no basis for modifying the Judgment. Plaintiff presents arguments either that the Court has considered and rejected, or that could have been raised previously and were not. The Court finds no manifest errors of law or fact, based on the reasons set forth in its Memorandum and Judgment. This is insufficient to entitle plaintiff to relief under Rule 59, and the Court denies the motion to alter or amend.

Defendants Resource Converting, LLC, Tim Danley, and Rick Kersey have also filed a motion for attorneys' fees, based on a clause in the license agreements that states: "Licensee shall pay RCI all costs and expenses, including, without limitation, reasonable attorney's fees, incurred by RCI in exercising any of its rights or remedies hereunder or enforcing any of the terms, conditions or provisions hereof," and "In any action or proceeding to enforce rights under this Agreement, the prevailing party shall be entitled to recover costs and attorneys' fees." (Doc. 319, Ex. 3 at 3, 5).

Attorney fees generally are not recoverable, unless a statute or contract provides otherwise. *See Essex Contracting, Inc. v. Jefferson County*, 277 S.W.3d 647, 657 (Mo.

2009). Recovery of attorney fees based on a contractual provision is only available to the prevailing contractual party. *See, e.g., Flamingo Pools, Spas, Sunrooms & More Store, Inc. v. Penrod,* 993 S.W.2d 588, 590 (Mo. Ct. App. 1999). A prevailing party is one that obtains "at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992); *see also Flamingo Pools*, 993 S.W.2d at 590 (a prevailing party is one that prevails on the "main issue" of the claim).

The three moving defendants claim that they received relief on the merits, so are entitled to attorney fees. The Court disagrees. First, the contract upon which these defendants rely was made between Resource Converting, LLC, and Tom Dunne, and the contractual language refers only to defendant Resource Converting's ("RCI's") right to attorney fees. Only Resource has a foothold in the contractual text. Second, while the Court did dismiss plaintiff's claims against Resource, this dismissal was not on the merits, and the Court did not reach any of the main issues as to Resource. Instead, the Court dismissed the claims against Resource for lack of jurisdiction, applying res judicata. According to Federal Rule of Civil Procedure 41(b), dismissal for lack of jurisdiction is not an adjudication on the merits. Resource, Danley, and Kersey are not entitled to attorney fees. They may, however, recover their costs, pursuant to 28 U.S.C. § 1920.

### III. ORDER

For the above reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend the Court's judgment (Doc. 395) is denied.

**IT IS FURTHER ORDERED** that the motion of defendants Resource Converting, LLC; Tim Danley; and Rick Kersey for attorney fees (Doc. 391) is denied.

**IT IS FURTHER ORDERED** that, having received no objection, the Clerk of Court enter the pending bills of costs (Docs. 389, 390, 393) against plaintiff.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 9, 2019.