UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOM DUNNE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4: 16 CV 1351 DDN |
| | ) |
| RESOURCE CONVERTING, LLC, | ) |
| TIM DANLEY, RICK KERSEY, | ) |
| SEBRIGHT PRODUCTS, INC., | ) |
| GARY BRINKMANN, NEWWAY | ) |
| GLOBAL ENERGY, LLC, DAVID | ) |
| WOLF, JERRY FLICKINGER, and | ) |
| JWR, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This action is before the Court on the plaintiff's motion to strike certain expert designations for failure to comply with Federal Rule of Civil Procedure 26(a)(2). (Doc. 456.) Defendants oppose the motion. (Doc. 459.) The motion is granted for the reasons discussed below.

**BACKGROUND**

The RCI Defendants disclosed three experts, Bryan Lanham, Machine Design Engineer, expert in pneumatic (air) conveyance; Tony Lubiani, Civil Engineer, expert in pneumatic (air) conveyance; and Ted Gentile, unspecified area of expertise. (Ex. A. Doc. 457-1.) Defendants did not produce expert reports for these experts. The RCI Defendants state all three experts will "present evidence regarding the ... actual capabilities of the PAD System." They further disclose that both Lanham and Lubiani will "present evidence regarding the engineering principles ... of the PAD System." The RCI Defendants disclose that all three experts "saw the demonstration PAD System technology process municipal

solid waste (MSW) and perform to the equivalent specifications for which the PAD System was represented to Tom Dunne." The RCI Defendants disclose that all three experts "will provide opinions that the PAD System can process MSW to the specifications for which it was represented to Tom Dunne." The RCI Defendants further disclose that all three experts "will also offer opinions which will rebut opinions of Plaintiff's experts (who have not observed the operation of a PAD System.). Finally, the RCI Defendants disclose that both Lanham and Lubiani "can describe the manner in which the PAD System accomplishes the processing from an engineering standpoint." All three disclosed experts are disclosed as co-owners of Blackrock Material Handling, located in Greenville, South Carolina, who travelled to Las Vegas in 2019 to observe the PAD System operate before the equipment was removed and the office shut down. *Id.*

Plaintiff now moves to strike the designation of these three experts for failure to provide expert reports as required by Fed. R. Civ. P.26(a)(2)(B) and this Court's Scheduling Order (Doc. 440) ("the parties must disclose all expert witnesses they would use at trial and provide their reports..."). He argues defendants failed to provide the information required by Fed.R.Civ.P. 26(a)(2)(c) to the extent RCI intended to designate these three individuals as "non retained" experts. He argues expert reports were required for these individuals because the expert opinions the RCI Defendants plan to elicit from each of these witnesses exceed their personal knowledge of the events at issue in this lawsuit and their opinions were developed by RCI during litigation for the purposes of litigation. He notes that RCI does not designate the three experts as 'retained" or non-retained," but simply describes them as "experts who do not provide a written report."

Plaintiff contends that even if the RCI Defendants could demonstrate these three experts are "non-retained" experts, which he argues they cannot, the Court should still strike these expert designations for failing to fulfill Rule 26(a)(2)(C)'s requirement that it disclose "a summary of the facts and opinions to which the witness is expected to testify." Plaintiff asserts the designations, at best, provide the general subject matter of their anticipated testimony, which is identical and completely duplicative across all three designations. He argues the designations fail to state the facts and opinions of the witness's

anticipated testimony. He argues this is no surprise in light of the fact that the RCI Defendants' counsel did not speak with these witnesses before designating them as experts. He argues the RCI Defendants' disclosure shows they intend to elicit opinions that only a retained expert could provide.

Plaintiff contends the RCI Defendants' attempt to circumvent the requirements of the Federal Rules and the Scheduling Order substantially prejudice him, by not only depriving him of the facts, opinions, data, and documents he is entitled to receive prior to deposing these individuals, but more importantly, the evidence and observations regarding the PAD System that the RCI Defendants provided to those experts while simultaneously refusing to allow his experts to observe the PAD System operation. He notes that it is now undisputed that RCI disposed of the PAD System, depriving his experts of any curative testing or observation. In other words, he argues it appears RCI claims to have "proven" their system to its own "non-retained" experts while both excluding him from observing such testing and then RCI may have permanently discarded the PAD System itself without any notice to him.

In addition to the prejudice just described, plaintiff argues the RCI Defendants' discovery non-compliance and malfeasance will, unnecessarily increase the costs of this litigation. The improper designations would require him to depose the three experts based on vague, nearly identical descriptions of their expected testimony, after the RCI Defendants' counsel failed to even talk to them to determine what their opinions might be and avoid offering completely duplicative expert designations. He argues Rule 26(a)(2) and the Court's Scheduling Order prohibit such actions, which unnecessarily and excessively increase the costs of this litigation and prejudice his ability to effectively and efficiently prosecute his case. He argues the only appropriate remedy is to strike the designations in their entirety and bar these witnesses from offering expert opinion testimony at trial.

The RCI Defendants argue that Rule 26 expert reports from these three individuals are not necessary because they were not "specifically employed" or "retained" to offer expert opinions. They state they have properly designated the three experts who observed

3

the PAD System properly function, as experts "who do not provide a written report." (Doc. 457-1.) They state the experts observed the PAD System for business purposes and not due to any litigation. They state that the observations took place on August 8–9, and September 10-11, 2019. They state the observations occurred after the Court entered Judgment in favor of RCI Defendants (see Doc. 386) and before the Court's April 22, 2021, post-remand hearing.

Defendants state they have met their burden of disclosing a summary of facts and opinions of these three experts pursuant to Rule 26(a)(2)(C). They state (1) they did not retain or specifically employ these three experts to provide expert testimony in the case; (2) the three experts are not and were not employees of RCI Defendants; and (3) all three experts observed the PAD System function for business purposes, not for purposes of litigation. They note that they are not aware of any authority mandating that when outside individuals observe operation of the PAD System for business purposes after a judgment is entered in RCI Defendants' favor, that RCI Defendants have the obligation to allow, and plaintiff has a right to also be present.

The RCI Defendants contend they have not attempted to "backdoor" the expert testimony, precluded Plaintiff's experts from observing the PAD System, or "hidden the ball." They argue plaintiff does not have an unqualified right to inspect an item in this case whenever he so chooses, and instead is governed by Federal Rules 26 and 34, and subject to the Court's oversight in the discovery process. In this case, defendant states plaintiff ultimately elected to proceed with the inspection without incurring such costs to have the machine activated. They argue plaintiff had an opportunity to pay the expenses to have the PAD System activated in January 2017 but chose not to do so. They state they have provided Plaintiff the documentation it had pertaining to the experts, including the results of the September 10, 2019 demonstration, Ex. F (under seal), as well as the "main points of a non-retained expert's testimony." RCI Defendants anticipate Messrs. Lanham, Lubiani, and Gentile will testify in a manner that partially rebuts plaintiff's proffered expert, Shabab Sokhansanj, because they observed the PAD System perform at certain levels. *See Fed. R. Civ. P. 26(a)(2)(D)(ii)* (contemplating witnesses who do not provide a

report may be used to contradict or rebut evidence on the same subject).  They assert the difference in obligations under Rule 26 here is that RCI Defendants only had to provide a summary of facts and opinions, whereas Mr. Sokhansanj, who was retained for purposes of litigation, had to provide a full report.

      The RCI defendants also argue Plaintiff has suffered no prejudice.  As to Plaintiff's assertion that there he is prejudiced because the parties stipulated they would bring "retained" experts to St. Louis, RCI Defendants contend Plaintiff has failed to state any such stipulation regarding an expert not within the party's control, nor could a party agree to such a stipulation.  Rather, they state Plaintiff refers to a "decision" to name these experts as "non-retained," implying there was a choice in disclosing these witnesses as those who do not write a report rather than those who do.  They state they have not retained or specifically employed these experts to provide testimony, therefore they would be in violation of Rule 26(a)(2) if they were to designate these experts in any other manner.  They state this is simply a consequence of plaintiff's decision not to pay the expenses to run product through or perform testing of the PAD System.  RCI Defendants argue they should not be deprived of submitting evidence to contradict opinions elicited by Plaintiff that the PAD System cannot function because of such "disruption" in his theory of the case.  They also clarify that they disclosed these experts as experts they *may* call at trial, not necessarily those they *will* call at trial.

      Finally, the RCI Defendants argue they have conducted themselves in good faith.  To the extent Plaintiff is arguing that RCI has operated in bad faith by disclosing three non-retained experts which contradict his, they assert such argument is without merit.  They argue Plaintiff has shown this Court no evidence of any act depriving Plaintiff of the ability to observe the PAD System, or that anyone "hid the ball."  They argue Plaintiff has other methods of discovery, such as interrogatories, requests for production, and depositions.

## ANALYSIS

      Federal Rule of Civil Procedure 26(a) requires litigants to make certain disclosures. Subsection (a)(2) governs the disclosure of witnesses that may be used to present expert

testimony at trial, requiring that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. *Fed. R. Civ. P. 26(a)(2)(A)*. The nature and extent of the required disclosure turns on whether the expert witness is "retained or specially employed to provide expert testimony in the case." *Fed. R. Civ. P. 26(a)(2)(B)*. For such retained experts, a party must produce a detailed expert report, "[u]nless otherwise stipulated or ordered by the court." *Id.*

The disclosure rule is less demanding for experts that are not specially employed or retained for litigation, such as treating physicians. Absent stipulation of the parties or a court order, parties must disclose the identity of non-retained experts who may testify at trial and disclose "the subject matter on which the witness is expected to present" expert opinion testimony and "a summary of the facts and opinions to which the witness is expected to testify." *Fed. R. Civ. P. 26(a)(2)(C)*.

The disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37. *See* 8B Charles A. Wright, Arthur R. Miller et al., *Federal Practice & Procedure* § 2289.1 (3d ed. 2018). Rule 37(c)(1) provides that when a party fails to comply with the disclosure requirements in Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

"Discovery of expert opinion must not be allowed to degenerate into a game of evasion." *Voegeli v. Lewis*, 568 F.2d 89, 97 (8th Cir. 1977). "[T]he purpose of our modern discovery procedure is to narrow the issues, to eliminate surprise, and to achieve substantial justice." *Greyhound Lines, Inc. v. Miller*, 402 F.2d 134, 143 (8th Cir. 1968). For this purpose to succeed, Rule 26 disclosures must be sufficiently detailed and "must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *Finwall v. City of Chicago*, 239 F.R.D. 494, 501 (N.D. Ill. 2006).

The Court notes the RCI Defendants do not explain the status of their previously "retained expert," but only that they now want to obtain similar testimony for trial purposes from three individuals for the purpose of rebutting Plaintiff's experts in this case after seeing their reports. Plaintiff alleges that the RCI defendants lost its retained expert after

RCI declined to pay him for his completed services. Regardless of the whereabouts of RCI's previously retained expert, RCI performed the testing for Messrs. Lanham, Lubiani, and Gentile, but claims it was strictly for a business purpose--and provides no further explanation--and not for purpose of litigation. The Court views this as an attempt to side-step its obligation to provide an expert report. Whether these experts were paid by RCI or not, their opinions are opinions developed by RCI for litigation purposes, making these witnesses "retained or specially employed." *See Lanham v. Sandberg Trucking, Inc.,* No. 4: 06CV1179 HEA, 2010 WL 481046, at *2 (E.D. Mo. Feb. 4, 2010) (even a treating physician will be considered a "retained" expert and required to produce a Rule 26 expert report if the physician examines the patient or a patient's records based on "information acquired from outside sources for the purpose of giving an opinion in anticipation of trial.").

Moreover, the Court concludes RCI's disclosure is deficient even assuming, for the sake of argument, that these individuals were considered non-retained experts. While such a disclosure must contain "a summary of the facts and opinions to which the witness is expected to testify," RCI provided only the subject matter of such opinions and failed to state what those opinions are and failed to provide any facts in support of them other than the fact these individuals witnessed the operation of the PAD System on one or two occasions. The RCI Defendants' disclosure lacks the required information and specificity, even if these individuals were to be considered non-retained experts.

Further, substantial prejudice to Plaintiff will occur if the Court does not strike the designations of Messrs. Lanham, Lubiani, and Gentile. Because RCI failed to supplement its initial disclosures and discovery responses immediately following remand to identify Lanham, Lubiani, and Gentile and provide the 2019 testing results, particularly when RCI had intended to disclose them as non-retained experts, Plaintiff's experts were not able to consider it. Had they done so, Plaintiff may have revised his experts' reports to address the new testing. Similarly, if RCI had disclosed its intention to perform such testing in 2019 for the first time or had RCI disclosed that it was intending to dispose of the PAD System, Plaintiff could have taken steps to ensure its experts had the opportunity to have

the same measure of access to the equipment as RCI's experts. Now, the disposal of the PAD system will deprive Plaintiff the opportunity to observe such testing. The prejudice and surprise not only contradicts the spirit of modern discovery procedure, but it also cannot be cured by other measures such the production of expert reports, extension of deadlines, and amendment of disclosures, factors which favor the finding that such prejudice is harmful and not justified. *See, Davenport v. Charter Commc'ns, LLC,* No. 4:12-CV-7-AGF, 2016 WL 3743187, at *4 (E.D. Mo. July 13, 2016).

In sum, the record is insufficient to establish Defendants did not improperly retain or specially employ Messrs. Lanham, Lubiani, and Gentile during the pendency of this litigation to serve as their "non-retained" experts in this matter in an effort to rebut Plaintiff's expert opinions. And there is no way to cure the prejudice to Plaintiff. Accordingly, the Court in its discretion grants plaintiff's motion to strike plaintiff's experts Bryan Lanham, Tony Lubiani, and Ted Gentile.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike certain expert designations is **GRANTED** in its entirety. **(Doc. 456)**

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time to depose Bryan Lanham, Tony Lubiani, and Ted Gentil is **DENIED AS MOOT**. **(Doc. 462)**

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement his reply is **GRANTED. (Doc. 468)**

**IT IS FURTHER ORDERED** that RCI Defendants' motion for leave to file response to plaintiff's motion for an extension of time is **GRANTED. (Doc. 475)**

/s/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 20, 2021.