## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

TOM DUNNE, JR.,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )          No. 4:16 CV 1351 DDN
                                         )
RESOURCE CONVERTING, LLC, *et al.,*      )
                                         )
            Defendants.                  )

## MEMORANDUM AND ORDER

This action is before the Court on the motion of Ricardo Arce, Antonio Castro, Brittany Borck, and the law firm of Zumpano Castro PLLC ("Counsel") to withdraw as counsel of record for defendant Rick Kersey without substitute counsel. [Docs. 582.] Plaintiff Tom Dunne opposes the motion and counsel has replied. The Court denies the motion until certain conditions are accomplished.

## RELEVANT BACKGROUND

On August 23, 2022, the Court held a hearing to address the bankruptcy filings of defendants RCI and Tim Danley and the request of counsel for RCI to withdraw as counsel without substitution of counsel. The Court granted RCI counsel's motion to withdraw, stayed this action as to RCI and Danley, and gave defendant Kersey until October 7, 2022, to retain new counsel. (Doc. 567.) On October 14, 2022, members of the law firm Zumpano Castro, PLLC, were admitted for the purpose of representing Kersey. (Docs. 572, 573, 575.)

The Court conducted a hearing on November 2, 2022, wherein Kersey was represented by new counsel Zumpano Castro. The Court ordered Kersey to comply with the Court's July 25, 2022 Order ("SpearTip Order") granting Plaintiff's Second Motion to Enforce Court Order within 45 days and ordered Kersey to produce any of the withheld

documents and permit SpearTip to copy his electronic devices as SpearTip requested and as the Court ordered him to do.  (Doc. 558.)  The Court subsequently allowed Kersey until January 31, 2023, to comply.  (Doc. 580.)  On January 10, 2023, counsel for Kersey filed the instant Motion to Withdraw Without Substitution of Counsel.  (Doc. 582.)

Counsel moves for permissive withdrawal based on subsections (b)(5) and (b)(6) of Missouri Rule of Professional Conduct 4-1.16.  They argue Kersey has failed to substantially fulfill his obligations to them regarding their services based on the terms of the agreement governing the representation and that he has been given reasonable warning that they will withdraw under such continuing circumstances.  Counsel argues Kersey has been repeatedly informed of their intention to move to withdraw but has yet to fulfill his obligations to them or to retain new counsel for this action.  They argue continued representation will result in an unreasonable financial burden on them and that irreconcilable differences have occurred that makes it unreasonably difficult, if not impossible, to continue as counsel of record.  They contend withdrawal can be accomplished without material adverse effect on Kersey's interests because there is currently no trial date or scheduling order in place.

Plaintiff Tom Dunne opposes the motion.  He argues at no time did Kersey file a response to his Third Motion to Enforce Court Order (Doc. 562) despite the fact that the automatic bankruptcy stay does not apply to the claims against him.  He argues at no time has Kersey complied with the Court's July 25, 2022 SpearTip Order to produce any of the withheld documents, nor has he allowed SpearTip to copy his electronic devices as SpearTip requested and as ordered by the Court.  Dunne argues it should be no surprise that Kersey has failed to pay them because he has failed to pay other counsel before, and the court record was publicly available for counsel to see that before they accepted their engagement with him.

Dunne argues he will be prejudiced if withdrawal is permitted before the Court secures the discovery compliance it has repeatedly ordered from Kersey and sanctioned him for refusing to provide.  He does not object to counsel's requested withdrawal after that compliance is obtained.  Dunne asserts counsel's withdrawal appears to be

2

strategically timed to delay or prevent compliance with this Court's discovery orders, and that regardless, the prejudice to him is cumulative and compounded by recent delays.  He notes that the tactic of seeking to withdraw to avoid and/or delay complying with the Court's discovery orders has become a pattern or practice in this case for Kersey, as this is the third time Kersey's counsel has sought to withdraw without substitution of counsel to evade complying with discovery requests as ordered by this Court.  He notes that in the six months since the Court issued the July 25, 2022 Speartip Order, Kersey and his counsel have not produced a single document, including those Kersey and his prior counsel admitted existed were in his possession and which the Court declared at the July 20, 2022 hearing were responsive and must be produced. Nor has Kersey or his counsel complied with the Court's Order to allow SpearTip to collect Kersey's files.  Regardless, Dunne argues, counsel should have been aware of what they were signing up for in representing Kersey and understood that they may be compelled to stay in this case more than three months.  He contends that under these circumstances, it is unclear how requiring counsel to continue representing Kersey until he has complied with the Court's July 25, 2022 Speartip Order would result in an unreasonable financial burden on counsel, a mid-sized east coast law firm, who agreed to represent Kersey just a short time ago.   Dunne asserts Kersey's refusal to comply with this Court's July 25, 2022 Speartip Order has stymied his ability to obtain important documents he needs in these proceedings.  He contends that without Speartip's engagement complete, he cannot move forward on obtaining the discovery he requires from RCI as well.

Dunne asks in the alternative that in the event the Court permits counsel to withdraw that counsel remain in this case to ensure their client's compliance with the Court's July 25, 2022 Speartip Order, specifically, to include conducting a privilege review of those documents, to immediately require Kersey to both engage SpearTip and produce his documents and/or grant the drastic relief he requests in his pending Third Motion to Enforce Court Order and for Sanctions.  (Doc. 562.)

Counsel for Kersey replied, stating that since November 22, 2022, Dunne could have obtained the documents himself in the bankruptcy proceedings pending in the

Northern District of Texas.  They state that Kersey will provide his devices to SpearTip if Dunne pays the entire cost.  Counsel argues Kersey has not refused to comply with the Court's Order and in fact informed Dunne's counsel on the phone that if Dunne paid Kersey's portion of the SpearTip Agreement he could and would provide his device(s) to SpearTip, but Dunne's counsel declined.  Counsel for Kersey argues Kersey cannot afford to comply with the Court Order, noting SpearTip's retainer alone is $8,694.00 and an estimated 40 hours of work is $14,000.00.

Finally, counsel argues that keeping them in this action will force them to sustain a significant financial burden that it should not have to sustain.  They argue that as a result of Kersey's failure to pay his legal fees, an irretrievable breakdown in the attorney-client relationship has occurred that makes it unreasonably difficult if not impossible for counsel to continue as attorneys of record.  Counsel states that there is a conflict of interest in further representation which cannot be resolved because they are now Kersey's potential creditors.

## **DISCUSSION**

A lawyer may permissively withdraw from representation under Missouri Rule of Professional Conduct 4- 1.16(b)(5) and (b)(6) if :

> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; [or]

> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

The Court denies the motion to withdraw until the conditions as set forth below are accomplished.  The Court grants plaintiff's third motion to enforce this Court's July 25, 2022 Order.  [Doc. 562.]  Plaintiff is entitled to the documents in question to pursue its case against non-RCI defendants and will be deprived of the documents absent the Court ensuring enforcement of the July 25, 2022 order against Kersey.

4

Accordingly, without application to defendant Resource Converting LLC and defendant Danley in light of the automatic bankruptcy stay, and unless otherwise agreed by the relevant parties,

**IT IS HEREBY ORDERED** that the motion of Ricardo Arce, Antonio Castro, Brittany Borck, and the law firm of Zumpano Castro PLLC for leave to withdraw as counsel of record for defendant Rick Kersey without substitute counsel [Doc. 582] **is denied, until the Court is persuaded that the conditions set forth below are accomplished.  Thereupon, Zumpano Castro PLLC may move for reconsideration. The following five conditions must be accomplished:**

1. Defendant Rick Kersey must within 14 days of this order produce to plaintiff's counsel the documents which are responsive to plaintiff's discovery requests.

2. Defendant Rick Kersey must within 14 days of this order comply with the Court's Order (Doc. 558) and provide SpearTip the material it needs to obtain digital copies of his electronic devices and accounts containing potentially responsive information.  Plaintiff must pay the full amount with the potential for reimbursement as costs against defendant Kersey.

3. SpearTip must be given at least 14 days following receipt of the aforementioned digital files to conduct its examination and return the information to Kersey and Danley's counsel for privilege review.

4. Defendant Rick Kersey must appear for deposition as previously ordered (see Doc. 558), within 14 days of plaintiff receiving the responsive documents resulting from this examination process.

5. Defendant Rick Kersey must file a declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746 that provides the following information:  (1) gross income from any source for Calendar Year 2022; (2) balances of all cash on hand or in a checking or savings account on December 31, 2022, and on March 31, 2023; (3) any housing, transportation, utilities, loan payments, and other regular monthly expenses for January, February, and March, 2023; and (4) any debts or financial obligations of defendant Kersey as of March 31, 2023.

**IT IS FURTHER ORDERED** that plaintiff is awarded the additional sanctions and relief requested in the Second Motion to Enforce Court Order (Doc.

545), on which the Court has previously reserved ruling, and plaintiff's fees and costs incurred in preparing his Third Motion to Enforce Court Order.

Subject to the above,

**IT IS FURTHER ORDERED** that the relief sought by plaintiff's third motion to enforce court order **[Doc. 562] is GRANTED.**


_____**/s/   David D. Noce**_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 24, 2023.