UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOM DUNNE, JR., | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 4:16-cv-01351-SRC |
| RESOURCE CONVERTING, LLC, et al., | ) ) ) ) |
|     Defendants. | ) ) |

### Memorandum and Order

"Federal courts are courts of limited jurisdiction and the 'threshold requirement in every federal case is jurisdiction.'" *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)). For this reason, the Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders*, 823 F.2d at 216 (citing *Rock Island Millwork Co. v. Hedges-Gough Lumber Co.*, 337 F.2d 24, 26–27 (8th Cir. 1964)). Here, Plaintiff Tom Dunne, Jr., alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 477 at ¶ 14. For the reasons discussed on the record at the status hearing on July 18, 2023, and further explained below, the Court concludes that the pleadings fail to establish diversity jurisdiction.

The Court also addresses more fully the reasons for its denial of Defendant Rick Kersey's counsel's Renewed Motion to Withdraw, Doc. 591, and provides further detail regarding other issues discussed at the July 18, 2023 status conference and motion hearing. The Court will address Dunne's Motion to Enforce Court Order and Motion for Contempt of Court, Doc. 607, in a separate Order.

I.   **Discussion**

The Court first addresses Dunne's citizenship allegations regarding various parties. *See* Doc. 477. Second, the Court explains in further detail the reasons for Court's denial of Kersey's counsel's Renewed Motion to Withdraw as Counsel Without Substitution. Doc. 591. Finally, the Court addresses various scheduling matters discussed at the status conference.

    A.   **Citizenship allegations**

        1.   **28 U.S.C. § 1332**

"Federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Properties*, 893 F.2d at 969 (citing *Sanders*, 823 F.2d at 216). "To determine jurisdiction, [courts] look to the parties' status at the lawsuit's filing." *One Point Sols., LLC*, 486 F.3d at 346 (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004)).

        2.   **Citizenship of Tom Dunne, Jr.**

First, Dunne alleges that he "is a Missouri resident whose home address is . . . in the County of St. Charles, State of Missouri." Doc. 477 at ¶ 1. However, "[d]iversity jurisdiction requires that the parties be '*citizens* of different States.'" *Sanders*, 823 F.2d at 216 (quoting 28 U.S.C. § 1332(a)(1)) (emphasis in original) (agreeing with district court that complaint stating individual's residency, but not citizenship, failed to establish diversity jurisdiction). Further, "the term 'citizen' in 28 U.S.C. § 1332 has long meant something different from 'resident,'" and

"[a] complaint or notice of removal resting on residency . . . will not establish citizenship for diversity jurisdiction." *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (citation omitted). And although "[f]or purposes of federal jurisdiction, 'domicile' and 'citizenship' are synonymous terms," *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1086 (8th Cir. 2017), the Court is unaware of any Eighth Circuit or Supreme Court authority stating that merely alleging that an individual's "home address" is in a particular state is sufficient to allege domicile. Dunne's allegation regarding his residency does not establish his citizenship; thus, he fails to establish diversity jurisdiction for this reason alone.

### 3. Citizenship of Sebright Products, Inc. and JWR, Inc.

Second, Dunne alleges that "Defendant Sebright Products, Inc. . . . is a corporation with a principal place of business located at 127 North Water Street, Hopkins, Michigan." Doc. 477 at ¶ 6. He also alleges that "Defendant JWR, Inc. . . . is a corporation with a principal place of business also located at 322 North Watertown Street, Johnson Creek, Wisconsin 53038." *Id.* at ¶ 12.

28 U.S.C. § 1332 provides that for diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). "In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation *and* its principal place of business." *Sanders*, 823 F.2d at 216 (emphasis in original). "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." *Id.* (citing *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982)).

Dunne fails to state the place of incorporation of Sebright Products, Inc. and JWR, Inc. *See* Doc. 477 at ¶¶ 6, 12. Dunne fails to establish diversity jurisdiction for this reason, as well.

### 4. Citizenship of Resource Converting, LLC and NewWay Global Energy LLC

Third, Dunne alleges that "Defendant Resource Converting, LLC . . . is a limited liability company with a principal place of business last located at 6140 North Hollywood Blvd, Suite 105, Las Vegas, Nevada 89115." Doc. 477 at ¶ 2. He similarly alleges that "Defendant NewWay Global Energy, LLC . . . is a limited liability company with a principal place of business located at 322 North Watertown Street, Johnson Creek, Wisconsin 53038 . . . ." *Id.* at ¶ 8.

Unlike a corporation, "[a]n LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *One Point Sols., LLC*, 486 F.3d at 346 (citing *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)). Dunne alleges that the members of Resource Converting, LLC are Medford Holdings, LLC; Prime Time Holdings, LLC; and Maverick Solutions, LLC. Doc. 477 at ¶ 3. He further alleges that "[n]one of Resource's members are citizens of the State of Missouri." *Id.* at ¶ 4. He alleges that the members of NewWay Global Energy LLC are Wolf Creek Holdings, LLC; Medford Holdings, LLC; and Prime Time Holdings, LLC. *Id.* at ¶ 9. He also alleges that "[n]one of NewWay's members are citizens of the State of Missouri." *Id.* at ¶ 10.

These allegations fail to state with specificity the citizenship of the members of Resource Converting, LLC and NewWay Global Energy LLC. *See GMAC Com. Credit, LLC*, 357 F.3d at 829; *Barclay Square Properties*, 893 F.2d at 969. Dunne fails to establish diversity jurisdiction for this reason, as well.

4

### 5. Amendment by interlineation and motions with respect to jurisdiction and venue

For the reasons stated above, the Court concludes that Dunne's citizenship allegations in the Third Amended Complaint fail to establish diversity jurisdiction. *See Sanders*, 823 F.2d at 216. Accordingly, the Court orders Dunne to amend the Third Amended Complaint by interlineation no later than August 1, 2023, *only* to address the above deficiencies. *See* 28 U.S.C. § 1653. No later than August 14, 2023, each non-stayed Defendant must file an answer to the allegations amended by interlineation *only*. Each stayed Defendant must likewise file an answer within 10 days after the lifting of the stay. Further, no later than August 14, 2023, the non-stayed Defendants must file, as a joint motion, any motion with respect to jurisdiction and venue, based on the amendment by interlineation or any other information the parties have that bears on venue and jurisdiction.

### B. Motion to withdraw as counsel

On July 18, 2023, the Court held a motion hearing on Kersey's counsel's Renewed Motion to Withdraw as Counsel, Doc 591. For the reasons the Court explained on the record at the hearing and further explains below, the Court denies the Motion.

This Court has adopted the Missouri Rules of Professional Conduct, consisting of Missouri Supreme Court Rules 4-1.0 to 4-9.1, as the rules governing attorneys. *See* E.D. Mo. L.R. 12.02. These Rules delineate attorneys' responsibilities to their clients and the Court. The Rules provide that an attorney "must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation" but "shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation." Mo. Sup. Ct. R. 4-1.16(c). Courts review denial of a motion to withdraw as

counsel for abuse of discretion.  *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 549 (8th Cir. 2016) (per curiam) (citing *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009)).

A lawyer may permissively withdraw from representation under Rule 4-1.16(b) of the Missouri Rules of Professional Conduct if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

In January 2023, counsel for Kersey moved to withdraw on the basis that Kersey had "failed to substantially fulfill their obligations to Movants regarding Movants' services based on the terms of the agreement governing the representation," and had "been given reasonable warning that Movants will withdraw under such continuing circumstances."  Doc. 582 at ¶ 3. Counsel for Kersey also argued that "[c]ontinued representation of [Kersey] will result in an unreasonable financial burden on Movants" and that "[i]rreconcilable differences have occurred that make it unreasonably difficult, if not impossible, for Movants to continue as the attorneys of record for [Kersey]."  *Id.* at ¶¶ 4–5.

After reviewing the parties' briefing, the Court[1] denied the motion until certain conditions were accomplished, finding that "[Dunne] is entitled to the documents in question to pursue [his] case against non-RCI defendants and will be deprived of the documents absent the Court ensuring enforcement of the July 25, 2022 [O]rder against Kersey."  Doc. 588 at p. 4.  The Court stated that counsel for Kersey could move for reconsideration once the conditions in the Order were met.  *Id.* at p. 5.

After filing a "notice of due diligence" documenting their attempts to communicate with Kersey, counsel for Kersey renewed their motion to withdraw in May 2023.  In the renewed motion, counsel for Kersey reiterate the arguments in their prior motion and add that Kersey has not responded to any of their numerous attempts to communicate with him, and—to their knowledge—has failed to comply with the conditions in the Court's Order.  Doc. 591 at pp. 1–2.  Counsel for Kersey argue that "good cause for withdrawal exists, as continuing the representation would be futile since there is a clear deterioration of the attorney-client relationship."  *Id.* at p. 2.

Among other things, Dunne argues in response that allowing counsel for Kersey to withdraw would "effectively deprive [him] of vital discovery" and would "reward Kersey's outright defiance of this Court's Order (Doc. 588) . . . ."  Doc. 597 at pp. 1–2.  Dunne also points out that counsel for Kersey's failure-to-substantially-fulfill-obligations argument had been raised in two separate motions by Kersey's prior counsel in the case.  *Id.* at p. 1 (citing Docs. 312, 559).  In response to both the initial and renewed motions to withdraw, Dunne argues that counsel for Kersey "should have performed its due diligence in investigating Kersey before taking the case" and that had they done so, "they would have discovered the two prior motions to withdraw filed

---

[1] The Honorable David D. Noce, United States Magistrate Judge, now retired.

7

by two law firms that previously represented Kersey in this litigation." *Id.* at p. 3 (citing Docs. 583, 312, 559).

In reply, counsel for Kersey clarify that the renewed motion "is not based on the lack of payment, but rather the absolute deterioration of the attorney-client relationship . . . ." Doc. 600 at p. 1.  Counsel state that they "have a fundamental disagreement with [Kersey]'s disregard of the Court's Order" and with his failure to respond to their consistent attempts to communicate with him.  *Id.* at p. 2.

The Court held a hearing on the renewed motion on July 18, 2023.  *See* Docs. 606, 612. First, the Court found that good cause does *not* exist to withdraw.  During the hearing, Brittany Borck, counsel for Kersey, represented that Kersey is now communicating with her and her law firm, and Kersey testified that he intends to continue communicating with his counsel.  Counsel confirmed that her firm does have appropriate contact information for him.  The Court credits this testimony, and finds that the primary focus of the renewed motion—Kersey's failure to communicate with counsel—is no longer valid.

The Court also noted at the hearing that in situations like this, where counsel comes into a case midstream, they have both the obligation and opportunity to do due diligence on the potential client and to take appropriate measures—e.g., securing payment arrangements, a retainer, or security for payment—ensuring that they are going to be compensated.  Further, counsel has the opportunity to take appropriate measures to understand whether their client will comply with the Court's Orders and will communicate with them, and to ensure that the client will communicate.  The Court also noted that counsel for Kersey are experienced attorneys who, according to their website, routinely represent clients in complex and sophisticated matters, and that this is not a situation where a new lawyer says they were "duped" by a client.

8

As the Court explained at the hearing, if counsel for Kersey had concerns about payment, they should have taken care of that up front, given the fact that their firm is now the third counsel for Kersey—which, as the Court observed, is a warning sign to even reasonably experienced attorneys and to those who have the opportunity to review the docket in advance of accepting or declining an engagement.  Counsel also had the opportunity to discuss the case with Kersey's prior counsel.  For these reasons, the Court found that good cause does not exist to allow counsel for Kersey to withdraw.

Further, the Court found that even if good cause did exist, the Court would deny the motion because withdrawal would severely prejudice the parties in this case.  *See Sanford*, 816 F.3d at 550 (stating that the presumption in favor of withdrawal that arises where counsel has met notification requirements and shows good cause "should be disregarded, however, if it would severely prejudice the client or third parties").

The Court agrees with Dunne that granting leave to withdraw would prejudice Dunne by depriving him of discovery that the Court has repeatedly ruled Dunne needs to pursue his case against other Defendants.  The Court also agrees with Dunne that allowing counsel to withdraw would reward Kersey's refusal to timely comply with the Court's Order, Doc. 588, in which the Court found that prejudice that would result from allowing withdrawal before Kersey complied.

While the Court is encouraged that Kersey is now communicating with his counsel and claims to be making attempts to comply with the Court's Orders, the Court also finds that allowing Kersey's counsel to withdraw would delay resolution of the case and would interfere with the Court's ability to control the case and enforce its Orders.  *See, e.g.*, *Ronnoco Coffee LLC v. Peoples*, No. 4:20-CV-1401 RLW, 2020 WL 7863851, at *4 (E.D. Mo. Dec. 31, 2020)

9

(denying leave to withdraw, finding it "would prejudice Plaintiff and interfere with the Court's ability to control the case and enforce its orders").

The Court finds that permitting withdrawal would further delay the resolution of this case, which at this point is about a month shy of seven years old.  The Court's obligation to ensure the "just, speedy, and inexpensive determination of every action[,]" Fed. R. Civ. P. 1, weighs in favor of keeping Kersey's present counsel in the case.

The Court also finds that granting leave to withdraw would prejudice Kersey himself—as the Court explained during the hearing, the Court has set a number of deadlines and will not permit further delay.  Any substitute counsel would have a very short time to prepare for the upcoming conferences and deadlines, including for motions regarding jurisdiction and venue. For all of these reasons, the Court denies counsel for Kersey's Renewed Motion to Withdraw.

**C.      Scheduling matters**

As discussed on the record at the status conference on July 18, 2023 the Court Orders as follows:

- No later than August 1, 2023, the parties must provide a joint proposed scheduling plan. The Court will enter a separate Order Setting Rule 16 Scheduling Conference, setting out the requirements for the scheduling plan and Rule 16 Conference in more detail.

- Every thirty days, either the first of the month or the nearest business day after the first of the month, the parties must file a written joint status report addressing: (1) any outstanding discovery issues; (2) the status of the related bankruptcy cases; and (3) any other outstanding issues that need to be brought to the Court's attention, including any outstanding motions.

- The Court will hold in-person status hearings in this case every sixty days in Courtroom 14-North.  By agreement of the parties, the Court sets the first hearing for September 19, 2023, at 2:00 p.m.  Lead counsel for the parties must meet and confer—i.e., actually speak with each other—regarding joint proposed agendas, and submit an agenda no later than ten days before each status hearing.

- No later than August 1, 2023, Dunne must obtain and file a transcript of the remaining portion of the January 25, 2023 motions hearing before the Honorable Mark X. Mullin, United States Bankruptcy Judge.  *See In re Resource Converting, LLC*, No. 22-41794-

10

MXM-7, Docs. 60, 66 (Bankr. N.D.Tex. Jan. 25, 2023). Dunne may provide only the portions of the transcript relating to RCI, if it is possible to parcel out those portions.

- No later than July 21, 2023, Johnathan Waldron must contact Katie Spurgeon (contact information available on the Court's website) to correct his law firm information on the docket.

- Noting that the Cross-Claimants and Cross-Defendant previously filed a Stipulation of Dismissal of Crossclaims Without Prejudice, Doc. 394 (dismissing the Crossclaims in Docs. 132 and 212), the Court directs the Clerk of Court to update the docket to reflect the termination of the Crossclaims.

- No later than August 1, 2023, Dunne must respond to the non-RCI Defendants' [500] Motion for Summary Judgment. The non-RCI Defendants must file a consolidated reply no later than ten days after Dunne's response.

- No later than August 1, 2023, Dunne must respond to the non-RCI Defendants' [504] Partial Motion for Summary Judgment as to Post-Reliance Allegations. The non-RCI Defendants must file a consolidated reply no later than ten days after Dunne's response.

- No later than August 31, 2023, Dunne must respond to Wolf's [507] Motion for Summary Judgment. Wolf must file any reply no later than ten days after Dunne's response.

## II. Conclusion

For the reasons stated above, the Court denies Kersey's counsel's [591] Renewed Motion to Withdraw as Counsel Without Substitution. The Court will address Dunne's [607] Fourth Motion to Enforce Court Order and Motion for Contempt of Court in a separate Order. The Court will also enter a separate Order Setting Rule 16 Conference. The Court expects the parties to comply with the Court's Orders and the undersigned's Judge's Requirements, as well as the Federal Rules of Civil Procedure and the Court's Local Rules.

So Ordered this 20th day of July 2023.

_SL R. CL_
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE