UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TOM DUNNE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-01351-SRC |
| | ) | |
| RESOURCE CONVERTING, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order of Civil Contempt**

During a show-cause hearing on July 18, 2023, the Court found Defendant Rick Kersey in civil contempt for failure to timely comply with Court's prior Order, Doc. 588, but granted Kersey an opportunity to purge his contempt before the Court issues sanctions. The Court lays out its findings and conclusions from that hearing in more detail below.

I.      **Background**

The Court previously ordered Kersey to comply with a number of discovery obligations, including providing responsive documents, providing devices to SpearTip for forensic evaluation, appearing for a deposition, and providing various financial documents. *See* Doc. 558, 588. On April 24, 2023, in the most recent of several orders addressing these obligations, the Court ordered Kersey to comply within fourteen days, and, because the discovery obligations had not been met, denied Kersey's counsel's motion to withdraw. Doc. 588 at p. 5.

On June 30, 2023, Dunne filed a Fourth Motion to Enforce Court Order and Motion for Contempt of Court, stating that Kersey had failed to comply with the Court's April 24, 2023 Order. Docs. 607, 608, 608-1. The Court ordered Kersey to appear before the Court to show cause why the Court should not grant Dunne's Motion and hold Kersey in contempt for failure to

comply with the Court's Order, Doc. 588.  *See* Doc. 609.  The Court warned that failure to appear may result in the Court issuing a writ of body attachment to bring Kersey before the Court.  *Id.*  On July 18, 2023, Kersey appeared before the Court in person and by counsel, for a show cause hearing.

During the hearing, the Court reviewed the evidence in the record and heard testimony from Kersey.  Based on the evidence in the record and the hearing testimony, the Court found Kersey in contempt.  Rather than immediately issue sanctions, the Court granted Kersey an opportunity to purge his contempt by fully complying with the discovery obligations set out in the Court's prior Order, Doc. 588, by the dates the Court set at the hearing.

## II.     Standard

A court may hold a party violating a discovery order in contempt of court.  Fed. R. Civ. P. 37(b)(2)(A)(vii).  18 U.S.C. § 401 provides that "[a] court of the United States shall have such power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transactions; (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."   The Eighth Circuit has held that this statute governs both civil and criminal contempt.  *Coleman v. Espy*, 986 F.2d 1184, 1190 (8th Cir. 1993).

"Civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.  Neither a jury trial nor proof beyond a reasonable doubt is required."  *United Mine Workers of Am, v. Bagwell*, 512 U.S. 821, 827 (1994).  The moving party has the burden of proving by clear and

convincing evidence that the alleged contemnor has violated the court's order.  *See Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 505 (8th Cir. 2000).

If the moving party meets its burden, the burden then shifts to the alleged contemnor to show an inability to comply.  *Chicago Truck Drivers*, 207 F.3d at 505.  "To show that compliance is presently impossible, the [contemnor] must demonstrate: '(1) that they are unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply.'"  *United States v. Santee Sioux Tribe of Neb.*, 254 F.3d 728, 736 (8th Cir. 2001) (quoting *Chicago Truck Drivers*, 207 F.3d at 506).

When issuing a sanction for civil contempt, courts must address four factors:  (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order.  *See United States v. United Mine Workers*, 330 U.S. 258, 303–304 (1947).

## III.   Discussion

The Court began the show-cause hearing by noting that Dunne had moved to enforce the Court's discovery order and had moved for contempt against Kersey.  The Court found that the record demonstrated that Kersey had not complied with the Court's discovery order.  The Court gave Kersey's counsel an opportunity to address the show-cause order and Dunne's motion.  Kersey's counsel stated that Kersey had delivered his devices to SpearTip for forensic evaluation earlier that same day, and that Kersey was therefore in compliance with at least one of the obligations.  She further explained that Kersey had provided his financial information to his counsel, and that counsel planned on filing it "by the end of the week."  She stated that the

deposition would occur once Kersey's counsel had reviewed the documents for privilege and provided them to Dunne's counsel.

The Court questioned Kersey regarding why it was taking so long and so many Court orders for him to comply.  Kersey testified that the original Court order put the costs on him, and that he was unable to pay.  He testified that later, one of the parties that filed for bankruptcy informed him that he would be violating the bankruptcy stay.  Regarding the last two months of delays, Kersey stated that he had not been receiving notifications because the email he used to communicate with his counsel had "decoupled" from his Google account.  He also testified that his counsel left voicemails, but that he did not receive them.  He claimed that he did not see the Court's order until the week before the hearing, and that upon receiving the Court's order he called his counsel, came as fast as he could, and provided all his devices.

After hearing Kersey's testimony, the Court noted that Kersey had been put on notice of the Motion for Contempt, and that Dunne had met his burden to prove by clear and convincing evidence that Kersey had violated the Court's Order, Doc. 588, as well as the prior orders referenced in that Order.  The Court credits the affidavit of Dunne's counsel, Doc. 608-1, which documents Kersey's failure to produce documents and produce to SpearTip materials for examination pursuant to the Court's April 24, 2023 Order.  The Court also finds that although Kersey had provided what he claims are all of his devices to SpearTip, Kersey's own testimony establishes that he failed to timely comply with the order with respect to SpearTip, and has not yet complied with the other conditions set out in the Court's order.  Doc. 588.

As to Kersey's burden to show an inability to comply, the Court reiterates its finding from the show-cause hearing that Kersey's explanation for why he failed to comply lacks credibility and lacks merit.  The record shows that Kersey's testimony was at times self-

contradictory and did not make sense.  In particular, the Court finds Kersey's explanation about having multiple emails and not seeing emails is not credible.  As the Court noted during the hearing, Kersey's explanation that just a week ago was the first time he had heard of any of this is not credible, given that his current law firm entered the case on October 14, 2022, and represented Kersey at the November 2, 2022 hearing, during which the Court gave Kersey forty-five days to fully respond to the outstanding discovery requests.  *See* Doc. 577, 579.  The fact that Kersey, on the day of the hearing, provided his devices to SpearTip demonstrates that he had the ability to comply—as does the representation by Kersey's counsel that Kersey expects responsive documents will be extracted from Kersey's devices.  In sum, Kersey failed to show inability to comply.

For these reasons, the Court found Kersey in civil contempt for failure to comply with the Court's Order, Doc. 588.  Rather than immediately impose sanctions, however, the Court granted Kersey an opportunity to purge himself of the contempt.  The Court ordered Kersey to provide the responsive discovery materials no later than Friday, July 21, 2023, *see* Doc. 588; to appear for a deposition in person at the Thomas F. Eagleton United States Courthouse, 111 S. 10th Street, St. Louis, Missouri 63102 no later than Friday, August 14, 2023 at 9:00 a.m.; and to provide his contact information to his counsel, and to the Court, by no later than Friday, July 21, 2023.  The Court warned that failure to comply would result in Kersey's being found in further contempt of court, and that the Court would consider having the U.S. Marshals take Kersey into custody and incarcerate him until he purges himself of the contempt.

Although the Court did not impose sanctions during the hearing, the Court briefly addressed the factors the Court must consider when determining what sanction to impose.  *See United Mine Workers*, 330 U.S. at 303–304.  The Court makes the following additional findings

regarding the appropriate sanction should the Court find Kersey in further contempt for failing to comply with the deadlines the Court set at the show cause hearing.

**Harm from noncompliance.**  The Court notes that Judge Noce ruled no fewer than three times that Dunne is clearly entitled to the discovery at issue, and that Kersey's failure to comply has stymied the progress of this nearly seven-year-old case.  The Court affirms the prior orders regarding discovery and will not tolerate further delays.  Further, as mentioned during the hearing, the Court will at another time deal with the issue of whether one or more of Kersey's devices are missing.  However, the Court notes that a purpose of the forensic evaluation of Kersey's devices is to ensure that he is not evading the Court's orders to produce responsive documents.

**Probable effectiveness of the sanction.**  As the Court stated several times during the hearing, Kersey's obligation to produce the discovery at issue is nearly a year old.  *See* Doc. 558. The record demonstrates that Kersey has repeatedly refused to comply, and that multiple financial sanctions have proved insufficient to compel his compliance.  The Court concludes that should Kersey fail to comply with the Court's deadlines, it will assess the appropriate sanctions at that time; for now, the Court notes that further financial sanctions would likely be futile and that imprisonment may well be the only effective sanction.

**Kersey's financial resources and the burden sanctions may impose.**  The Court finds that Kersey's present financial situation is unclear.  Although Kersey's counsel represented at the hearing that she planned on filing the necessary documents by Friday, July 21, 2023, at the time of the hearing Kersey had not yet complied with the Court's requirement to produce financial documents.  *See* Doc. 588.  The Court also notes that should incarceration become necessary,

6

although undoubtedly burdensome, it is a sanction that could be quickly purged by compliance with the Court's Order.

**Kersey's willfulness in disregarding the Court's Order.**  The Court previously granted three motions to enforce discovery orders regarding the very discovery at issue here, and entered monetary sanctions against Kersey on three occasions.  Docs. 278, 382, 588.  As detailed above, Kersey has failed to comply, and the Court finds that his explanations for his failure to comply lack credibility.

## IV.    Conclusion

For the reasons set forth on the record during the show cause hearing and further explained above, the Court grants in part Dunne's [607] Fourth Motion to Enforce Court Order and Motion for Contempt of Court.  The Court finds Kersey in contempt.  The Court is hopeful that Kersey will follow through with his stated intention to comply with the Court's Orders, and reiterates that it expects Kersey to comply with all such Orders, including the deadlines the Court set during the show cause hearing.  Specifically, Kersey must:  (1) provide responsive discovery materials as set forth in Doc. 588 no later than Friday, July 21, 2023, *see* Doc. 588; (2) appear for an in-person deposition the Thomas F. Eagleton United States Courthouse, 111 S. 10th Street, St. Louis, Missouri 63102 no later than Friday, August 14, 2023 at 9:00 a.m. (counsel must contact the undersigned's Paralegal, whose contact information is on the Court's website, to arrange a room for the deposition); (3) file, no later than Friday, July 21, 2023, a declaration under penalty of perjury containing the financial information described in the Court's prior order, Doc. 588 at p. 5; and (4) provide his contact information, including all phone numbers and addresses he uses or has used in the past 24 months, to his counsel, and to the Court, by no later than Friday, July 21, 2023.

Failure to comply with this Order and the related Orders referenced above may result in the Court finding Kersey in further contempt of court and in the imposition of sanctions, including possible incarceration.  The Court awards to Dunne costs and fees, including attorney's fees, incurred in preparing his Fourth Motion to Enforce, Doc. 607.  Dunne must file an application for attorney's fees and costs no later than July 28, 2023.  Kersey must file any objections no later than August 4, 2023, and Dunne must file any response to objections no later than August 9, 2023.

So Ordered this 20th day of July 2023.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE